# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Daniel Floyd
Direct: +1 213.229.7148
Fax: +1 213.229.6148
DFloyd@gibsondunn.com

Client: 03290-00038



October 17, 2012

VIA ELECTRONIC MAIL

Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *United States v. Apple Inc., et al.*, No. 12-cv-2826 (DLC); *The State of Texas et al. v. Penguin Group (USA) Inc., et al.*, No. 12-cv-03394 (DLC); *In re Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC)

Dear Judge Cote:

This letter will respond to the letters dated October 15, 2012 from the Department of Justice and the Plaintiff States setting forth their positions as to whether the bilateral agency agreements between Apple and the defendant book publishers established genuine agency relationships. The concept of "genuine contracts of agency" under the federal antitrust laws has been recognized by the Supreme Court since 1926. *See United States v. General Electric Co.*, 272 U.S. 476, 488 (1926). Among other implications, when a contract establishes a genuine agency relationship, customers are legally purchasing directly from the principal, not the agent. Under *Illinois Brick v. Illinois*, 431 U.S. 720 (1977), only direct purchasers have standing to bring an action under the Sherman Act for alleged overcharge damages. Although at times referred to as a "defense," *Illinois Brick* addresses an element of the plaintiffs' claim (standing). In this litigation, defendants contend that the challenged agency agreements are genuine contracts of agency within the meaning of *General Electric*, and a necessary consequence of that position is that the putative class members (and state consumers) are direct purchasers.

Apple previously submitted a request that the DOJ admit the genuineness of the agency agreements, which was met with objections. At last week's telephonic hearing, the defendants requested clarification of the DOJ's (and States') position on this issue because it controls the question of whether the putative class members and state consumers are direct purchasers. The States' answer appears unequivocal. While the DOJ's position is less direct, Apple understands that the DOJ contends the agency agreements are unlawful on the

# GIBSON DUNN

Honorable Denise L. Cote
October 17, 2012
Page 2

grounds stated, but does not dispute that they are genuine contracts of agency in form and substance.

In light of the representations to the Court in the two letters, Apple states its position as follows:

> Each U.S. consumer who purchased an e-book through Apple's iBookstore from a publisher with whom Apple had an agency agreement was a direct purchaser from that publisher within the meaning of the Supreme Court's decision in *Illinois Brick*.

Apple believes this appropriately addresses the issue raised by class counsel.

Sincerely,

Daniel Floyd

DSF/jla
101387420.1