

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

April 4, 2013

BY E-MAIL

The Honorable Denise L. Cote
U.S. District Judge, Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

[stamp: filed electronically 4/15/13]

**MEMO ENDORSED**

    Re:    *United States v. Apple, Inc. et al*, No. 12-cv-2826
           *State of Texas v. Penguin Group (USA), Inc.*, No. 12-cv-3394

Dear Judge Cote:

We write on behalf of the United States and Plaintiff States in the above-referenced matters to seek the Court's guidance regarding certain scheduling and logistical matters relating to the pre-trial filings due April 26, 2013.

The Court's June 25, 2012 scheduling order calls for a number of pre-trial papers to be served and, in some instances, filed on April 26: (1) memoranda of law; (2) proposed conclusions of law; (3) proposed findings of fact; (4) witness lists and affidavits; (5) trial exhibit lists (with trial exhibits for the Court); and (6) deposition designations. Plaintiffs are working diligently to prepare these materials, and we understand Apple and Penguin are as well. In connection with that work, we are pleased to note that the parties have reached agreement regarding meet-and-confer dates and exchange of trial exhibit lists and deposition designations prior to April 26 so that the parties can also provide notice of their objections and counterdesignations by the April 26 due date.

However, due to an issue concerning confidentiality designations, Plaintiffs are requesting a slight modification to the June 25 scheduling order. As Your Honor is aware, many of the documents produced and much of the deposition testimony given in this matter have come from the settling publishers and non-parties such as Amazon and Barnes & Noble. These entities, along with Apple and Penguin, have designated almost all of their material as "Confidential" or "Highly Confidential." Unfortunately, until those designations are withdrawn, the parties cannot file anything on the public record that reveals the contents of the designated materials.

Plaintiffs believe that none of the evidence in this case should be kept from public view. However, Plaintiffs do not believe it is feasible to resolve the confidentiality issues with non-parties prior to April 26, given that non-parties are not bound by that deadline, and it would likely result in the Court being asked to resolve motions to seal with very little notice.

Plaintiffs have conferred with Apple and Penguin and respectfully propose that the Court allow all April 26 papers to be served on the parties and copied to the Court, but allow a brief delay in filing those papers on the public record. Immediately after April 26, the parties would notify any applicable non-party of any of its Confidential documents and testimony at issue and then meet and confer as necessary to resolve all disputes. We ask that the Court set a date – May 8, 2013 – by which any unresolved claim to confidentiality must be raised with the Court. Once all confidentiality disputes are resolved, we request that the parties be given three business days to prepare and file properly redacted versions of the April 26 papers. In the interim, the Court would have the full set of unredacted papers from all parties as scheduled on April 26.[1]

Beyond the above modification, Apple and Plaintiffs also respectfully request an extension of the page limit for the memoranda of law to 40 pages. Penguin opposes only with respect to the Plaintiff States' memorandum of law. To be clear, the United States and Plaintiff States do not intend to file separate memoranda of 40 pages apiece. It is the current intention of Plaintiffs to file one memorandum that addresses all common issues. To the extent Plaintiff States file any separate memorandum, it will be limited to issues unique to their case.

Finally, there are a few minor logistical issues regarding the April 26 papers and other pre-trial matters on which the parties respectfully request clarification, including: (1) confirmation of the Court's preference for paper copies of exhibits rather than or in addition to electronic copies; (2) clarification of the format for deposition designations; and (3) scheduling a courtroom visit by the parties' technical staff to better understand the electronic equipment that may be used during trial. The parties are available to discuss these issues with Your Honor (or a representative of chambers, if preferable) at the Court's convenience.

*[Handwritten annotation by Judge Cote:] Any third party seeking redaction of either documents or deposition excerpts which the parties are offering as evidence in their direct cases at trial must make its application by 5/8/13. The expansion of page limits on memoranda is approved. The parties shall submit one paper and one electronic copy of exhibits.*

*Denise Cote*
*April 15, 2013*

---

[1] The only dispute between the parties on this issue of confidentiality is when final confidentiality designations of any trial exhibits or designated testimony must be made by <u>parties</u>. After meeting and conferring, Plaintiffs and Apple believe that for efficiency purposes, this should occur prior to April 26, given that the parties have already worked out a schedule by which they will exchange trial exhibits and deposition designations, provide objections and counterdesignations, and meet and confer. Penguin disagrees, and wishes to put off its confidentiality designations until later. We are continuing to discuss this issue with Penguin in the hopes of resolving it without the need for the Court's intervention.

Respectfully submitted,

*Carrie A. Syme*

Carrie A. Syme

Copy: All counsel