**GIBSON DUNN**



Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

April 12, 2013

VIA ELECTRONIC MAIL

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *United States v. Apple Inc.*, No. 12-CV-2826 (DLC)

Dear Judge Cote:

We write on behalf of Apple regarding the parties' April 26 trial submissions. During our recent meet-and-confer, plaintiffs took the position that the direct testimony affidavits that the parties will submit on April 26 pursuant to Your Honor's bench trial procedure constitute inadmissible hearsay. For this reason, plaintiffs contend that they can offer in their case-in-chief and attach to their proposed findings of fact three categories of inadmissible hearsay evidence against Apple: (1) excerpts from investigative depositions of non-Apple witnesses; (2) excerpts from numerous non-Apple witness litigation depositions; and (3) interrogatory responses from entities other than Apple.

Plaintiffs are wrong. The direct testimony affidavits are not hearsay,[1] and the Federal Rules require plaintiffs to try their case through competent and admissible evidence. Apple will be unfairly prejudiced if plaintiffs submit reams of improper evidence in their April 26 filings— evidence that they know will be before the Court when it writes its draft opinion. We respectfully request that Your Honor rule now and prohibit plaintiffs from submitting inadmissible evidence.

*The Rules Governing Use of Depositions at Trial.* Depositions are admissible at trial "only when allowed by both Rule 32(a) and the Federal Rules of Evidence." *S.W. v. City of N.Y.*, No. 09-cv-1777, 2011 WL 1100906, at *1 (E.D.N.Y. Mar. 24, 2012). Rule 32(a)(1) permits deposition testimony to be used against a party at trial only where: (1) the party was "present or represented at the taking of the deposition or had reasonable notice of it;" (2) the deposition is "used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying;" and (3) one or more other conditions are met, such as the use of the deposition for impeachment purposes or the witness' unavailability. Fed. R. Civ. P. 32(a)(1)(A)-(C).

*CID Depositions.* Depositions of non-Apple witnesses taken before this case was filed pursuant to Civil Investigative Demands ("CID") issued by the DOJ or certain states during their pre-suit investigations are plainly inadmissible under Rule 32(a)(1)(A). Apple was not "present or

---

[1] The Second Circuit approves the use of direct testimony by affidavit in a bench trial as "within the district court's ample authority to manage the proceedings before it." *Ball v. Interoceana Corp.*, 71 F.3d 73, 77 (2d Cir. 1995) (per curiam).

Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich • New York
Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

The Honorable Denise L. Cote
April 12, 2013
Page 2

represented" at these depositions and had no notice of them.

*Litigation Depositions of Non-Party Witnesses.* Under Rule 32(a)(1)(C), plaintiffs also must demonstrate that any deposition they intend to offer in their direct case on April 26 meets one of the exceptions in Rule 32(a)(2)-(8).

First, the "party deposition" exception does not allow plaintiffs to introduce, as direct evidence, deposition testimony from any settling defendant. *See, e.g., Collins v. Omega Flex, Inc.*, No. 08-1422, 2010 WL 2470944, at *3 (E.D. Pa. June 15, 2010) (deposition testimony not admissible where a party is "no longer a party at trial"). That clearly includes witnesses from Hachette, HarperCollins, Macmillan, and Simon & Schuster.[2]

Second, under the unavailable witness exception of Rule 32(a)(4), deposition testimony of a non-party witness who is available for trial "cannot be used in lieu of live testimony" in a party's direct case. 8A Fed. Prac. & Proc. § 2146 (3d ed. 2012); *see also Kolb v. Cnty. of Suffolk*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) (Scheindlin, M. J.). Plaintiffs presently intend to call live at trial numerous non-party (settling defendant) witnesses who have also been deposed in this action. The vast majority of these witnesses live within 100 miles and are therefore subject to the Court's subpoena power. Plaintiffs cannot offer in their April 26 direct case (any more than they could at a jury trial) deposition transcripts of these witnesses—or any other non-party witnesses—without first establishing that the witnesses are unavailable to testify at trial. *See* Fed. R. Civ. P. 32(a)(4). Plaintiffs have not even tried to do so in this case. In fact, DOJ refused our offer to obtain written confirmation that non-party witnesses within the Court's subpoena power are available.

Third, the extraordinary circumstances exception of Rule 32(a)(4)(e) cannot apply here. Plaintiffs have never made the necessary showing that there are any extraordinary circumstances that "in the interest[s] of justice" justify the submission of deposition testimony from otherwise available witnesses—and this Court's bench trial procedure is hardly such a circumstance.

*Others' Interrogatory Responses Are Not Admissible Against Apple.* Because interrogatory responses are "admissible only against the party who made them," plaintiffs cannot offer other parties and non-parties' interrogatory responses against Apple. *Rosenthal v. Poland*, 337 F. Supp. 1161, 1171 (S.D.N.Y. 1972); *see also* 10A Fed. Proc., L. Ed. § 26:593 (Mar. 2013); 23 Am. Jur. 2d § 118 (Feb. 2013) (same).

Apple will suffer unfair prejudice if plaintiffs are allowed to submit inadmissible materials—that they know Your Honor will review in drafting an initial opinion—with their April 26 filings. Apple respectfully requests that the Court limit plaintiffs' use of deposition transcripts and interrogatory responses in accordance with the Rules and in advance of the April 26 deadline.

---

[2] For similar reasons, the DOJ may not offer any deposition testimony from Penguin witnesses in its direct case.

GIBSON DUNN

The Honorable Denise L. Cote
April 12, 2013
Page 3

Respectfully submitted,

Orin Snyder