IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STATE OF TEXAS, *et al.*, <br><br>　　　　　　　　Plaintiffs, <br><br>　　v. <br><br>PENGUIN GROUP (USA), INC., *et al.*, <br><br>　　　　　　　　Defendants. | Civil Action No. 12-cv-3394 (DLC) <br><br> ECF Case |
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | Civil Action No. 11-md-2293 (DLC) <br><br> ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF PENGUIN GROUP (USA), INC. TO EXCLUDE CERTAIN ANTICIPATED TESTIMONY REGARDING THE "APPROPRIATENESS" OF COMMUNICATIONS**

I.  **INTRODUCTION**

Defendant Penguin Group (USA), Inc. ("Penguin"), submits this memorandum in support of its motion to exclude testimony regarding whether certain conduct is "appropriate" or "inappropriate." Penguin requests the exclusion of this testimony on the grounds that it constitutes inadmissible lay opinion, it is irrelevant, and because any probative value of such testimony is substantially outweighed by its prejudicial impact and the risk that it will unnecessarily consume the time of the Court, the parties and counsel.

Given that Plaintiffs have repeated this line of questioning in deposition after deposition over the course of discovery, Penguin fully expects Plaintiffs to approach the questioning of trial witnesses the same way. They should not be permitted to do so. If Plaintiffs' questions regarding the "appropriateness" of conduct are viewed as asking witnesses to opine on what conduct they believe is "legal" or "illegal," the questions are patently improper requests for expert testimony from lay witnesses. If the questions are viewed more broadly, they are impermissibly vague and entirely irrelevant. The bottom line is that such testimony should be excluded from the trial.

II.  **APPLICABLE LAW**

Ample authority establishes that the Court may exclude evidence prior to a trial when the "evidence is clearly inadmissible on all potential grounds," as is true here. *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ. 3796 (PKL), 2004 WL 1970144, at *4 (S.D.N.Y. Sept. 3, 2004) (citing *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5520, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998); *see also Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997).

It is black-letter law that "the Rules of Evidence apply with equal force in jury and non-jury trials." *Commerce Funding*, 2004 WL 1970144, at *5. Indeed, courts of this Circuit routinely exclude evidence during the course of bench trials. *See, id.*, at *6 (excluding documents prior to a bench trial and stating that "the Court will not admit irrelevant documents simply because they are offered"); *Great Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F. Supp. 2d 419, 436 (S.D.N.Y. 2004) (barring, prior to a bench trial, a party from presenting any evidence relating to its claims of lost profits); *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 153-54 (S.D.N.Y. 2003) (barring, prior to a bench trial, plaintiff from proffering any evidence that contradicted answers to previous interrogatories).

### III.   ARGUMENT

#### A. Lay Witnesses' Opinions Concerning the "Appropriateness" of Real or Hypothetical Communications Are Inadmissible Under Federal Rules of Evidence 602 and 701

Federal Rule of Evidence 602 provides that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "The rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact is a 'most pervasive manifestation' of the common law insistence upon 'the most reliable sources of information." Fed. R. Evid. 602 Advisory Committee Notes (citing McCormick § 10, p. 19).

During discovery, Plaintiffs – rather than elicit testimony based on personal knowledge, as required by the Federal Rules of Evidence – repeatedly questioned lay witnesses about

2

whether they believed real or hypothetical conduct to be "appropriate" or "proper."[1] Such questions are not based on observations perceived by the senses, and are thus inadmissible under Federal Rule of Evidence 602. *See Romanelli v. Long Island R.R. Co.*, No. 11 Civ. 2028 (SAS), 2012 WL 2878132, at *4 (S.D.N.Y. July 13, 2012) (granting a motion *in limine* under Rules 602 and 701, and excluding opinion testimony of lay witness).

Worse still, many of Plaintiffs' questions about the "appropriateness" of conduct were based not on real-life conduct, but instead on hypothetical situations regarding conduct that *never took place*.[2] In other words, Plaintiffs requested deponents not only to speculate on make-believe discussions, but also to state their opinions as to the legal consequences of those imaginary discussions. Again, testimony of this nature simply cannot reflect an observation based on a witness's senses, and should be excluded. *Id.*

Moreover, Federal Rule of Evidence 701, which allows for opinion testimony by lay witnesses under a limited set of circumstances, does not apply in this situation. Under Rule 701, the opinion of a lay witness may be admitted only if it is: (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; ***and*** (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 (emphasis added). Insofar as the questions appear to ask witnesses to opine on whether conduct is "appropriate" in the sense of social acceptability, such testimony is patently irrelevant. On the other hand, opining on whether conduct is legally

---

[1] *See*, for example, McCall Dep. (01/30/2013) at 286:13-19, "Do you think there was anything inappropriate about discussing whether or not these publishers would be in the Nook lending?"

[2] *See*, for example, Makinson Dep. 165:17-23 "Q. If Mr. Dohle did in fact, and I understand you don't recall that, but if he did in fact ask questions about how you all analyzed the profit and loss statements of your companies, do you believe that is a topic that would have fallen in the off limits territory?"; *id.* at 217:2-7 "What if you *would have* discussed anything having to do with Amazon's pricing policy at setting new release books at 9.99, would that have been an appropriate topic for you to have discussed?" (emphasis added).

"appropriate" or "inappropriate" obviously calls for an expert opinion from lay witnesses. Plaintiffs' efforts to mask questions of law using an ambiguous word – "appropriate" – should be rejected.

*United States v. Tomasetta* is instructive. Defendants moved *in limine* to preclude a securities analyst from offering certain lay witness opinion testimony. *United States v. Tomasetta*, No. 10 Cr. 1205 (PAC), 2012 WL 1080293 at *1 (S.D.N.Y. Mar. 30, 2012). Defendants argued that the analyst's testimony was based on specialized knowledge, and therefore constituted improper lay witness opinion testimony. *Id.* at *4. The Court held that any testimony elicited from the analyst must be "limited to what the analyst read, heard, asked about, and/or otherwise learned about [a company] from its disclosures." *Id.* Specifically, the analyst could not testify about "what the analyst believed [a company] ***should have*** disclosed; or how [a company] ***should have*** accounted for its revenue and stock options financials. . .". *Id.* (emphasis added); *see also United States v. Rigas*, 490 F.3d 208, 222 (2d Cir. 2007) (affirming the introduction of lay witness testimony by "someone who has gone through the books and records and will testify to what the books and records reflect" ***but not regarding "the appropriateness of [the] accounting treatment.***") (emphasis added); *Romanelli*, 2012 WL 2878132, at *4 (granting motion *in limine* under Rules 602 and 701 and excluding witness "opinions which are not rationally based on his perception – or at the very least require scientific or specialized knowledge.")

Testimony regarding the "appropriateness" of various conduct and discussions clearly falls within the realm of impermissible lay opinion. Plaintiffs should be barred from offering any testimony of this nature at trial.

4

### B. "Appropriateness" Testimony Is Irrelevant Under Federal Rules of Evidence 401 and 402

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence is defined as having "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Here, the Complaint alleges violations of Section 1 of the Sherman Act as well as individual state antitrust laws. Section 1 of the Sherman Act outlaws "[e]very contract, combination . . . , or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1.

Plaintiffs will have ample opportunity to present relevant evidence concerning who communicated what to whom, when such communications were made, and the purpose of those communications. At the close of the evidence, it is the province of the Court to rule on whether a contract, combination, or conspiracy in restraint of trade existed, and the appropriate legal consequences that ultimately attach to that determination.

Plaintiffs' repeated deposition questions regarding whether or not conversations – imaginary or otherwise – were "appropriate," do not assist in determining whether a conspiracy existed. To the contrary, such opinions simply state a *lay witness's* inadmissible legal opinion as to the ultimate issue to be determined. What a witness thinks is legal or illegal, appropriate or inappropriate, is irrelevant. Indeed, even experts are often prevented from providing such testimony because such conclusions are in the unique province of the court. *United States v. Scop*, 846 F.2d 135, 144 (2d Cir. 1988) (finding that "statements in the form of legal conclusions exceeded the permissible scope of opinion testimony under the Federal Rules of Evidence"). Thus, "appropriateness" testimony should be excluded as irrelevant under Federal Rules of Evidence 401 and 402.

### C.   "Appropriateness" Testimony Wastes Time, Is Unduly Prejudicial and Should Be Excluded Under Rule 403

Testimony about the "appropriateness" of communications should be excluded on the separate and independent ground that, under Federal Rule of Evidence 403, its probative value is substantially outweighed by the risks that it will waste time and result in unfair prejudice. Fed. R. Evid. 403.

First, by asking deposition witnesses countless questions about whether conduct is appropriate or not, Plaintiffs attempt to paint them as having an imperfect understanding of the law. The intended implication is that, as a result of that imperfect understanding, the witnesses or others are more likely to have engaged in prohibited conduct. This is an attempt to condemn the defendants in this case not because of what they did or said, but rather what they understand to be "appropriate." Such testimony is improper, unfairly prejudicial, and should be excluded. Fed .R. Evid. 403, Advisory Committee Notes (explaining "unfair prejudice" as "an undue tendency to suggest decision on an improper basis. . .".).

Finally, Plaintiffs have wasted considerable time in posing such questions to lay witnesses during the course of these proceedings. Plaintiffs' "appropriateness" questions – many of which had *nothing to do with e-books*, print books, or any other matter related to the case – were asked repeatedly. A glance at a handful of Plaintiffs' deposition designations, attached hereto as Exhibit A, confirms that Plaintiffs will offer such evidence and underscores that a significant amount of time is likely to be spent on it.

Any probative value of such testimony is substantially outweighed by the danger that Plaintiffs will continue to cause undue delay and waste time in their efforts to manufacture inadmissible opinion testimony. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (the purpose of an *in limine* motion is to enable the Court to make advance rulings so as to avoid

6

"lengthy argument at, or interruption of, the trial.") (internal quotation marks omitted). Plaintiffs' time-consuming attempts to solicit inadmissible testimony should not be allowed.

## IV.  CONCLUSION

For the foregoing reasons, Penguin respectfully requests that the Court bar Plaintiffs from offering any testimony, however phrased, related to a lay witness's opinion of whether conduct is "appropriate" or "inappropriate."  Furthermore, Penguin respectfully requests that the Court bar Plaintiffs from offering the deposition designations referenced in Exhibit A, as well as any other designations offered by Plaintiffs that relate to a lay witness's opinion of whether conduct is "appropriate."

Dated: April 26, 2013

Respectfully submitted,

_____
Daniel Ferrel McInnis
Larry Tanenbaum
Allison Sheedy
Mollie McGowan Lemberg
Carolyn Perez
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Ave., NW
Washington, DC 20036
Tel.: 202-887-4000
Fax: 202-887-4288
Email: dmcinnis@akingump.com
          ltanenbaum@akingump.com
          asheedy@akingump.com
          mmcgowanlemberg@akingump.com
          cperez@akingump.com

*On behalf of Defendant Penguin Group (USA), Inc.*