IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STATE OF TEXAS, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>PENGUIN GROUP (USA), INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 12-cv-3394 (DLC)<br><br>ECF Case |
| IN RE ELECTRONIC BOOKS<br>ANTITRUST LITIGATION | Civil Action No. 11-md-2293 (DLC)<br><br>ECF Case |

**MEMORANDUM OF LAW OF PENGUIN GROUP (USA), INC. IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

Daniel Ferrel McInnis
Larry Tanenbaum
Allison Sheedy
Mollie McGowan Lemberg
Carolyn Perez
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave., NW
Washington, DC 20036
Tel:  (202) 887-4000
Fax:  (212) 887-4288
　　　dmcinnis@akingump.com
　　　ltanenbaum@akingump.com
　　　asheedy@akingump.com
　　　mmcgowanlemberg@akingump.com
　　　cperez@akingump.com

*Counsel for Defendant Penguin Group (USA), Inc.*

Pursuant to the Federal Arbitration Act, Defendant Penguin Group (USA), Inc. ("Penguin"), requests the Court to compel arbitration of all claims Plaintiffs have brought on behalf of individuals who purchased e-books from Amazon, Inc. ("Amazon") or Barnes & Noble, Inc. ("Barnes & Noble").

## I. INTRODUCTION

This case involves claims subject to binding arbitration.[1] Plaintiffs, various States and Commonwealths ("Plaintiffs" or "Plaintiff States"), sue on behalf of their residents who purchased e-books at prices allegedly manipulated by Penguin and other book publishers. However, individuals who purchased e-books through Amazon or Barnes & Noble expressly agreed to individually arbitrate any disputes related to the purchase of e-books. The Federal Arbitration Act would require those individual purchasers to arbitrate the claims being made on their behalf.

The Plaintiff States are also required to arbitrate the claims they are pursuing as a parens patriae, *on behalf of* individual purchasers. Here, the Plaintiff States are nothing more than nominal plaintiffs, representing the individual purchasers. As nominal plaintiffs, they should not be allowed to avoid the obligation to arbitrate when the real parties in interest – the individual purchasers – would be required to do so.

## II. FACTUAL BACKGROUND

### A. Plaintiffs Bring Their Case on Behalf of Individuals Who Purchased Their Products on Amazon's Kindle Device and Barnes & Noble's Nook Device

---

[1] Although Penguin has asserted arbitration as an affirmative defense to the Plaintiff States' action from the beginning, Penguin understands based on the Court's previous ruling in the Class Action that this motion will be denied, and accordingly has refrained to date from filing this motion. Nevertheless, out of caution Penguin respectfully files this motion today because it continues to assert the arbitrability of the Plaintiff States' claims as a defense, and will be renewing this motion if the Supreme Court reverses the Second Circuit's decision in *In re Am. Express Merchs.' Litig.*, 667 F.3d 204, 217 (2d Cir. 2012), *cert. granted, Am. Express Co. v. Italian Colors Rest.*, 133 S.Ct. 594 (2012).

1

Plaintiffs allege that individuals residing within their borders have purchased e-books, for use on various e-reader devices, at inflated prices due to an illegal conspiracy involving Penguin and other publishers. *See* Second Amended Complaint ("Compl.") ¶¶ 116, 117, 129-198.

Many of the individuals on whose behalf Plaintiffs sue purchased e-books through two popular platforms: (1) Amazon's Kindle; and (2) Barnes & Noble's Nook. As Plaintiffs point out, these are the two most popular e-book reader devices in the United States, *Id.* ¶ 108, and Amazon "accounted for the vast majority of the Publishers' e-book sales [in 2009], conservatively estimated at upwards of 80%." *Id.* ¶ 26.

### B. Purchasers of e-Books Through Kindle and Nook Agreed to Arbitrate Claims Arising from Their Purchases

The Amazon Kindle and Barnes & Noble Nook Terms of Use include mandatory arbitration clauses for *all disputes arising out of the purchases*. The Amazon Agreement, for example, broadly requires "binding arbitration" for "*[a]ny dispute or claim* relating in *any way* to your use of the. . . Kindle Store, or the goods or services sold or distributed by Amazon or through the Kindle, Reading Applications or Kindle Store".[2] The Barnes & Noble policy contains similar language.[3]

## III. ARGUMENT

The Federal Arbitration Act ("FAA") provides that any arbitration agreement in "a contract evidencing a transaction involving commerce. . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

---

[2] Amazon.com Kindle License Agreement and Terms of Use ("Amazon Agreement"), p. 3, last revised September 28, 2011, attached as Exhibit A to Declaration of Allison Sheedy (emphasis added).

[3] Barnes & Noble.com Terms and Conditions of Use ("Barnes & Noble Agreement"), Section XVIII, last revised April 18, 2011, attached as Exhibit B to Declaration of Allison Sheedy ("Any claim or controversy at law or equity that arises out of the Terms of Use, the Barnes & Noble.com Site or any Barnes & Noble.com Service (each a 'Claim'), shall be resolved through binding arbitration.").

contract." 9 U.S.C. § 2. It establishes a "liberal federal policy favoring arbitration" and reflects "the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (citations and internal quotation marks omitted).

Under the FAA, a court must compel arbitration: (1) when the parties agreed to arbitrate, (2) when the asserted claims fall within the scope of the arbitration agreement, and (3) if federal statutory claims are at issue, where Congress did not intend to preclude arbitration of those claims. *See Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75-76 (2d Cir. 1998). All of those requirements are met here.

### A.   The Parties Agreed to Arbitrate

First, it is not disputed that purchasers of e-books through Amazon and Barnes & Noble agreed to arbitrate their claims. Though Penguin is not a signatory to the relevant arbitration agreements, it can enforce the agreement against the signatories to the agreement because, under the principles of estoppel, the issues that Penguin is seeking to resolve in arbitration "are intertwined with the [arbitration] agreement that the estopped party has signed." *Ragone v. Atl. Video at The Manhattan Ctr.*, 595 F.3d 115, 126-27 (2d Cir. 2010) (internal citation omitted); *see also Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97 (2d Cir. 1999) (while "court[s] should be wary of imposing a contractual obligation to arbitrate on a non-contracting party," they "do not face that concern" where the *signatory* "is the party trying to escape its obligation to arbitrate[.]").

Accordingly, in a variety of circumstances – including antitrust matters – non-signatories have successfully compelled arbitration against signatories in this Circuit. *See JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 177-178 (2d Cir. 2004) (Sherman Act); *see, e.g., Ragone*, 595 F.3d at 128; *Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 211 (2d Cir. 2005); *Astra Oil Co., Inc. v. Rover Navigation, Ltd.*, 344 F.3d 276, 282 (2d Cir. 2003); *Choctaw Generation*

*Ltd. P'ship v. Am. Home Assurance Co.*, 271 F.3d 403, 404 (2d Cir. 2001); *Smith/Enron*, 198 F.3d at 98-99; *see also Birmingham Assocs. Ltd. v. Abbott Labs.*, 328 F. App'x 42, 44 (2d Cir. 2009); *McCann v. Royal Grp., Inc.*, 77 F. App'x 552, 553-554 (2d Cir. 2003).

Moreover, though Plaintiff States did not sign arbitration agreements, they are also required to arbitrate claims based on Amazon and Barnes & Noble purchases. Plaintiffs sue "as parens patriae on behalf of consumers" and seek an award of "treble damages from injury to natural persons. . .". Compl. ¶¶ 11, 198(4). In other words, Plaintiffs represent consumers, and seek damages for injury to those consumers. As such, the purchasers on whose behalf the Plaintiff States bring suit are the real parties in interest to the case, and the Plaintiff States should be compelled to arbitrate claims that the purchasers themselves would be required to arbitrate.

*Louisiana, ex rel., Caldwell v. Allstate Ins. Co.* is instructive in this regard. In *Caldwell*, the state of Louisiana filed a *parens patriae* action against insurance companies alleging violations of Louisiana's antitrust laws. *Louisiana, ex rel., Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 421-422 (5th Cir. 2008). Defendants argued that the case was removable under CAFA because, "although labeled *parens patriae*, th[e] case [was] in substance and fact a 'class action' or a 'mass action' as those terms are used in CAFA because the petition [was] seeking ***treble damages on behalf of Louisiana insurance policyholders***." *Id.* at 423 (emphasis added).

The district court looked to "the substance of the complaint – to pierce the pleadings – and to determine the real nature of the claim", concluding that, while the State was a nominal party in the *parens patriae* suit, the "real parties in interest were the citizen policyholders." *Id.* As such, the district court denied Louisiana' motion to remand the case to state court. *Id.*

The appellate court affirmed, noting that the term "class action" or "mass action" should be defined broadly to prevent jurisdictional gamesmanship. *Id.* at 424 ("Generally speaking,

4

lawsuits that resemble a purported class action should be considered class action for the purpose of applying these provisions") (internal quotations omitted).

The same is true here. Plaintiffs have brought a *parens patriae* action "on behalf of" thousands of consumers, seeking treble damages for injuries to those consumers. The consumers are the real parties in interest, and if they had brought individual actions, they would be required to arbitrate in accordance with their e-book agreements. Allowing Plaintiff States to litigate, as opposed to arbitrate, these claims, would result in "jurisdictional gamesmanship" that should be avoided. *Id.* The individual purchasers here, in both substance and fact, are the real parties in interest. That the case is styled as a *parens patriae* action changes nothing. Such facile pleading maneuvers should not be allowed to defeat the well-established, and "liberal federal policy favoring arbitration". *AT&T Mobility,* 131 S. Ct. at 1745 (citations and internal quotation marks omitted).

**B.     The Asserted Claims Fall Within the Scope of the Arbitration Agreements**

As noted above, the Amazon Agreement – signed by and enforceable against the purchasers as the real parties in interest – broadly requires "binding arbitration" for "*[a]ny dispute or claim* relating in *any way* to your use of the...Kindle Store". Amazon Agreement at 3. Likewise, the Barnes & Noble Agreement requires that "[a]ny claim or controversy at law or equity that arises out of the Terms of Use, the Barnes & Noble.com Site or any Barnes & Noble.com Service (each a 'Claim'), shall be resolved through binding arbitration." Barnes & Noble Agreement, Section XVIII.

In the case of individuals who purchased e-books on a Kindle device – individuals on whose behalf Plaintiffs sue – the present action is a "claim relating in *any way* to the consumers' use of the Kindle store." In the case of those who purchased e-books on a Nook device, this

action is a "controversy at law or equity" arising out of the use of Barnes & Noble.com service. Both categories of claims are required to be arbitrated.

### C. Congress Did Not Intend to Preclude Arbitration of Plaintiffs' Claims

Under the FAA, Plaintiffs' burden is clear: "the party opposing arbitration carries the burden of showing that Congress intended in a separate statute to preclude a waiver of judicial remedies, or that such a waiver of judicial remedies inherently conflicts with the underlying purposes of that other statute." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 483 (1989).

Plaintiffs cannot meet this burden because the antitrust statute does not provide a non-waivable right to pursue claims outside of arbitration. Moreover, even if a class mechanism is not available to these consumers, it would not invalidate their agreement to arbitrate, which is binding on their representatives. The Supreme Court has rejected the argument that the unavailability of class arbitration inherently conflicts with the purposes underlying a different federal statutory scheme, the Age Discrimination in Employment Act, even though that Act expressly mentions the right to pursue a class action. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) ("[E]ven if the arbitration could not go forward as a class action or class relief could not be granted by the arbitrator, the fact that the [ADEA] provides for the possibility of bringing a collective action does not mean that individual attempts at conciliation were intended to be barred" (internal quotation marks omitted). In contrast, the antitrust laws do not contain such express mention of the right to pursue a class action.[4] In sum, Congress did not intend to preclude arbitration of Plaintiffs' claims, so Plaintiffs' claims should be arbitrated.

---

[4] Penguin recognizes that under the law of this Circuit, individuals may void arbitration agreements containing class waivers on the ground that individual arbitration "precludes [them] from enforcing their statutory rights," because "the cost of plaintiffs' individually arbitrating their dispute. . . would be prohibitive." *In re Am. Express Merchs.'*

6

## IV. CONCLUSION

For the foregoing reasons, Penguin respectfully requests an order compelling arbitration of all claims Plaintiffs have brought on behalf of individuals who purchased e-books from Amazon or Barnes & Noble.

Dated: April 26, 2013

Respectfully submitted,

Daniel Ferrel McInnis
Larry Tanenbaum
Allison Sheedy
Mollie McGowan Lemberg
Carolyn Perez
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Ave., NW
Washington, DC 20036
Tel.: 202-887-4000
Fax: 202-887-4288
dmcinnis@akingump.com
ltanenbaum@akingump.com
asheedy@akingump.com
mmcgowanlemberg@akingump.com
cperez@akingump.com

*Counsel for Defendant Penguin Group (USA), Inc.*

---

*Litig.*, 667 F.3d 204, 217 (2d Cir. 2012), *cert. granted, Am. Express Co. v. Italian Colors Rest.*, 133 S.Ct. 594 (2012). As argued in Penguin's Motion to Compel Arbitration in the class action, the *American Express* rule conflicts with Supreme Court precedent. *See* Memo. ISO of Mot. to Stay Proceedings and Compel Arbitration, Docket #98, ps. 19-25. Moreover, even if an individual may invalidate an arbitration agreement on the ground that it would be economically infeasible to pursue a claim except through a judicial class action, the Plaintiff States have made no such showing regarding the economic infeasibility of pursuing their claims in arbitration. Despite the Court's earlier ruling rejecting similar arguments made by Penguin in its motion to compel arbitration in the class action, *see* Opinion & Order, Docket #190 (appeal filed and held in abeyance pending the Supreme Court's decision in *American Express*), Penguin presents these arguments for the purpose of preserving these issues for appeal.

7