

## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

*By Electronic Mail*

September 3, 2013

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007-1312

      Re:  *State of Texas et al. v. Penguin Group (USA) Inc., et al.*, No. 12-cv-03394 (DLC)

Dear Judge Cote:

I write on behalf of the Plaintiff States in the above-referenced matter regarding a dispute with Apple about the appropriate scope of discovery in the damages phase of this action.[1] Pursuant to the Revised Joint Initial Report, fact discovery, including damages discovery, closed on March 22, 2013.[2] As no subsequent order altered this fact discovery schedule as to damages, the States obtained all necessary damages fact discovery prior to the cut-off date.[3] Specifically, the States, in coordination with the Class Plaintiffs, obtained comprehensive transactional data, took depositions related to pricing practices and gathered other information enabling their expert to calculate damages. The States understand that the Class will seek only certain limited discovery related to Apple's alleged defenses to class certification. Because we complied with the Court's scheduling order, the Plaintiffs are in a position to move forward immediately with expert discovery.

---

[1] The parties met and conferred on August 28, 2013, but did not reach an agreement. The parties largely agree on the scope of expert discovery, with one notable exception: on August 30, 2013, Apple noticed the deposition of Professor Abraham Wickelgren, whom the States do not plan to offer as a testifying expert at trial. The States oppose this discovery as beyond the scope permitted by Fed. R. Civ. P. 26(b)(4)(D), which requires Apple show "exceptional circumstances under which it is impracticable for [Apple] to obtain facts or opinions on the same subject by other means." *See Morse/Diesel v. Trinity Indus.*, No. 84 Civ. 5791 (LAP), 1993 WL 257229 at *1-*2 (S.D.N.Y. July 8, 1993) (citing Fed. R. Civ. P. 26(b)(4)(B), subsequently renumbered). Apple has not articulated such exceptional circumstances – or even how such evidence is relevant to its defenses to damages.

[2] *See* Revised Joint Initial Report, ECF No. 111.

[3] While fact discovery remained open, Apple never requested that the Court delay damages fact discovery until after the liability trial. As Class Plaintiffs noted in their letter of today, on October 26, 2012, the Court delayed depositions of the class representatives. The Court's November 19, 2012 Order set forth a revised schedule for damages-related expert discovery, but did not alter the fact discovery schedule. *See* ECF No 136.

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548   TEL: (512)463-2100
WEB:WWW.OAG.STATE.TX.US
*An Equal Employment Opportunity Employer  Printed on Recycled Paper*

In contrast, Apple seeks extensive fact discovery following a "reset" of various limits in the Revised Joint Initial Report. Apple's position is inconsistent with the Court's case management orders and the voluminous record of discovery already developed in this case.[4] As a result of previously taken discovery, Apple has had access to the same transactional data as Plaintiffs for nearly 7 months. Apple's expert at the June 2013 trial, Dr. Burtis, testified that she assembled a "very large database of e-book information" to "present the Court with a clear and complete picture of the competitive conditions in the alleged relevant market before and after the implementation of the agency agreements."[5] On August 9, 2013, the Court recognized that this data would serve as the basis for expert analysis of damages.[6]

Apple also either obtained or should have obtained other discovery related to damages during the discovery period. Instead, Apple abandoned much of the discovery that it now seeks. For example, on October 9, 2012, the Court urged Apple and other Defendants to seek discovery regarding Amazon's pricing in a 30(b)(6) deposition.[7] Apple issued a subpoena for such a deposition on January 22, 2013 and obtained the relevant information during its deposition of Amazon's Russell Grandinetti.[8] Apple likewise could have deposed witnesses from any of the Publisher Defendants, Random House, Barnes & Noble, or other retailers to obtain the information it now seeks. Over the course of the 26 publisher depositions taken in this case, Apple examined only 5 publisher witnesses – all from Big 6 publishers. Additionally, Apple indicated that it would seek to take 30(b)(6) depositions of Kobo, Microsoft, up to 3 independent publishers and up to 5 independent booksellers.[9] Apple failed to follow through in obtaining this discovery during the prescribed period. Apple did not depose a single independent publisher. Apple never noticed the 30(b)(6) depositions of Kobo or Microsoft. While Apple also discussed with Plaintiffs taking a 30(b)(6) deposition of Sony, Apple never pursued it.

In short, Apple had ample notice that it should have completed by March 22, 2013 the fact discovery it now requests. In fact, much of it is duplicative of discovery Apple issued during the discovery period. The Court should reject Apple's attempt to make an end run around the rules by which all parties have conducted this litigation.

---

[4] Dan Swanson's letter to Gabriel Gervey, August 23, 2013, attached as Exhibit A.
[5] Trial Tr. 2286:19-2287:1
[6] Aug. 9, 2013 Conference Tr. 45:21-46:22
[7] October 9, 2012 Conference Tr. 13:15-24
[8] During the deposition of Mr. Grandinetti on January 28, 2013, Amazon's counsel informed Apple that Mr. Grandinetti would be Amazon's 30(b)(6) witness on the noticed topics and requested that counsel ask questions accordingly. Apple agreed to "endeavor" to do so. Grandinetti Dep. at 15-16, attached as Exhibit B. To the extent that any portion of Apple's 30(b)(6) questions remained unanswered following Mr. Grandinetti's deposition, Apple abandoned them before the June 3, 2013 trial when it failed to pursue the matter. See March 12, 2013 Edward Moss e-mail to Michael Kipling, others: "Apple agrees to extend without date Amazon's deadline to respond to our 30(b)(6) subpoena. We will be in touch before the close of discovery if we intend to pursue the deposition." Attached as Exhibit C.
[9] Apple provided Plaintiffs with this list on December 14, 2012, well after the bifurcation of the States' case and after class certification was deferred. See Lisa Rubin e-mail to Lawrence Buterman, others, December 14, 2012, attached as Exhibit D.

Respectfully,

Gabriel R. Gervey
Assistant Attorney General
Consumer Protection Division
Antitrust Section
Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-1262 direct line
(512) 320-0975 facsimile
gabriel.gervey@texasattorneygeneral.gov


cc: Counsel for Class Plaintiffs
    Counsel for Apple

# Exhibit A

Case 1:12-cv-03394-DLC   Document 283   Filed 09/04/13   Page 4 of 19

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Daniel G. Swanson
Direct: +1 213.229.7430
Fax: +1 213.229.6430
DSwanson@gibsondunn.com

Client: 03298-00038

August 23, 2013

VIA ELECTRONIC MAIL

Jeff D. Friedman, Esq.
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710

Gabriel R. Gervey, Esq.
Assistant Attorney General
Office of the Texas Attorney General
P.O. Box 12548
Austin, TX 78711-2548

Re:  *In re Electronic Books Antitrust Litig.*, 11 MD 2293 (DLC), *Texas v. Penguin Group (USA) Inc.*, 12 Civ. 3394 (DLC)

Dear Jeff and Gabriel:

As we discussed earlier this week, Apple intends to seek targeted discovery from plaintiffs and third parties related to class certification, penalty, injury and damages issues. Apple has outlined below its proposal regarding relevant protocols for and limitations on the scope of discovery. We also outline the specific discovery Apple seeks that is (i) relevant to identify the extent of any injury and damage (along with any setoff from prior settlement payments) to individual consumers from the impugned conduct, including discovery aimed at delineating the attributes of the but-for world, and their counterparts in the actual world; (ii) relevant to the plaintiff States' claims for statutory penalties[1]; and/or (iii) relevant to evaluating the susceptibility of the putative class to certification, including discovery aimed at examining whether common questions of law and fact predominate as to all members of the class, whether a class action is superior to other methods of adjudication of the matters raised in the putative class's lawsuit, whether the class representatives' claims are typical, and whether the class representatives will fairly and adequately protect the interests of the

---

[1] Apple reserves all rights to amend its discovery requests in light of the Court-ordered submission by the plaintiff States providing more information about their alleged statutory penalty claims.

# GIBSON DUNN

Jeff D. Friedman, Esq., Gabriel R.
Gervey, Esq.
August 23, 2013
Page 2

members of the proposed class.[2] In sum, Apple will notice requests for documents and written discovery from plaintiffs, depositions of plaintiffs' experts, depositions of the putative class representatives, data and documents from certain third parties, and no more than 15 depositions of third parties on a limited range of issues.

### *1. Protocols for and Limitations on Discovery*

Apple believes that the discovery limitations described in paragraphs 3, 5, 6, 7, and 8 of the July 6, 2012 Joint Initial Report (as relevant to this phase as scheduled in the Court's Scheduling Order of August 14, 2013) should govern fact and expert discovery in this phase of the litigation with the following modifications:

- Numbering of interrogatories and requests for admission, as described in Paragraphs 6(e) and 6(g) of the Joint Initial Report, shall be reset, meaning each party may serve up to a total of 25 interrogatories (to any one party, or divided among multiple parties), with no more than 10 of those interrogatories being contention interrogatories, and each party may serve up to a total of 25 requests for admission (to any one party, or divided among multiple parties).

- The timing limitations on contention interrogatories described in Paragraph 6(f) and S.D.N.Y. Local Rule 33.3(b) shall be abrogated; given the short duration of the current phase of proceedings, the parties may serve contention interrogatories at any time before the discovery cutoff.

- Paragraph 6(h) shall be modified to provide that Apple and plaintiffs (collectively) may each take the deposition of up to 4 party fact witnesses (based on plaintiffs' representation that only 3 named plaintiffs will represent the putative class). Under Paragraph 6(o), plaintiffs (collectively) and Apple may each take the deposition of up to 15 non-party fact witnesses.

- In view of paragraph 2 of the Court's Scheduling Order of August 14, 2013, the parties are to make staggered disclosures of expert testimony on October 11 and November 15, respectively. As applicable, the parties will adhere to the provisions in Paragraphs 8(a)-

---

[2] Pending amendment of the class complaint, Apple's discovery plan vis-à-vis the class plaintiffs is premised on certain representations made by counsel. Apple reserves all rights to amend its discovery requests, depending on the actual delineation of the proposed class, the claims asserted, and the identity of the class representatives.

# GIBSON DUNN

Jeff D. Friedman, Esq., Gabriel R. Gervey, Esq.
August 23, 2013
Page 3

(c), and (e)-(h), and shall interpret the term "considered" as "relied upon" for purposes of the Federal Rules identified in Paragraph 8(c).

## 2. Timing of Discovery

The parties will initiate service of their discovery requests after having had the opportunity to meet and confer on their respective discovery plans but, in any event, no later than August 30, 2013 absent agreement or direction of the Court.

## 3. Party Discovery

Apple intends to seek written and document discovery of plaintiffs. Unless expressly stated otherwise in the requests, the relevant time period for these requests will be November 1, 2007, through May 31, 2012, based on plaintiffs' representation to the Court that they have no (or have waived any) damages after May 2012. Apple will seek discovery from plaintiffs related to the following issues:

- Information, data, and documents, to the extent not already produced, relating to the class representatives' purchases, downloads and/or borrowing of e-books, and of e-Readers.

- Information, data, and documents relating to plaintiffs' claims that members of the putative class and the consumers represented by the plaintiff States were injured by Apple's conduct.

- Information, data, and documents relating to plaintiffs' estimates and claims relating to damages.

- Information, data, and documents relating to plaintiffs' claims in their complaints regarding any increased prices of e-books.

- Information, data, and documents relating to the scope of the putative class and claims that the putative class is capable of satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- Information, data, and documents relating to the identity of consumers who are included within the scope of the parens patriae actions brought by the plaintiff States.

# GIBSON DUNN

Jeff D. Friedman, Esq., Gabriel R. Gervey, Esq.
August 23, 2013
Page 4

- Information, data, and documents relating to the plaintiff States' demand for civil penalties, including guidance, policies, and/or practices regarding the determination of civil penalties for antitrust violations under the applicable state laws.

- Information, data, and documents relating to the class plaintiffs' claims and contentions regarding wholesale and retail pricing trends, e-book retailers' market shares, and other relevant aspects of competition among e-book publishers and retailers absent the conduct that plaintiffs deem unlawful.

- Information, data, and documents relied upon by plaintiffs' experts.

- Information, data, and documents relating to e-book settlements with, or for the benefit of, consumers represented by the plaintiff States and/or members of the putative class ("e-book consumers"), including but not limited to information from e-book retailers regarding eligible e-book consumers under the settlements, requests for exclusions from, or objections to, the settlements, claim forms filed either online or by mail, correspondence from and with e-book consumers, check requests from e-book consumers, and payments made to e-book consumers.

Apple will also seek to depose the named class representatives and plaintiffs' experts, including Dr. Wickelgren.

### 4. *Third-Party Discovery*

Apple intends to serve the following third parties with subpoenas for documents and depositions:[3]

- **E-book Retailers**: Apple will serve document subpoenas on the following e-book retailers: Amazon, Barnes & Noble, Kobo, Sony, and Books-A-Million. These subpoenas will seek supplemental transaction data (through May 2012), and supplemental transaction data fields (e.g., customer identifier fields). Apple will also seek documents (to the extent not already produced) and 30(b)(6) depositions from Amazon and Barnes & Noble relating to e-book pricing rules, consumer preferences, e-book business plans and strategies for the period through May 31, 2012 (including rules, plans and strategies relating to free or loaned e-books); policies or programs

---

[3] Apple is not seeking the re-production of documents or categories of documents that were previously produced in this litigation.

# GIBSON DUNN

Jeff D. Friedman, Esq., Gabriel R. Gervey, Esq.
August 23, 2013
Page 5

- **Major Publishers**: Apple intends to serve Random House with document and 30(b)(6) deposition subpoenas relating to the retail and wholesale pricing of its e-books during the relevant time period, competition with other publishers, including with publisher defendants, independent publishers and self-published authors, the promotion of its books by Amazon under the wholesale model, and any assessment or analysis of reactions by Amazon and/or Barnes & Noble to alternative business models. Apple will also serve the publisher defendants with 30(b)(6) subpoenas relating to consumer preferences for and the pricing of e-books during the relevant period.

   relating to e-book self-publishers for the period through May 31, 2012; and e-book distribution agreements with publishers entered into after April 11, 2012.

- **Independent Publishers/Aggregators**: Apple will serve certain non-major ("independent") publishers of e-books, including Perseus, Norton, Abrams, and New Direction, and aggregators of independently published and self-published e-books, including Smashwords and Lulu, with document and 30(b)(6) deposition subpoenas, seeking documents, data, and information relating to wholesale and retail pricing of e-books in competition with other publishers, the agency and wholesale model for the distribution of e-books, marketing of e-books, distribution arrangements and business relationships with e-book retailers, consumer preferences, entry by self-published authors, and competitive conditions in the e-books market before and after Apple's entry.

- **American Book Association**: Apple will serve the American Book Association with a document and 30(b)(6) deposition subpoena regarding consumer preferences relating to e-books and the relationship between e-books and physical books.

5. *Reservation of Rights*

Apple reserves all rights to amend the foregoing in the event of any dispute, to cross-notice any discovery sought by plaintiffs, to pursue additional discovery not reasonably ascertainable at this time, and to negotiate with third parties regarding the scope of discovery after service of the requests described above.

# GIBSON DUNN

Jeff D. Friedman, Esq., Gabriel R.
Gervey, Esq.
August 23, 2013
Page 6

Sincerely,

Daniel G. Swanson

DGS/lr

# Exhibit B

RUSSELL GRANDINETTI - HIGHLY CONFIDENTIAL

15

1  GRANDINETTI - HIGHLY CONFIDENTIAL
2  RUSSELL GRANDINETTI,  being duly sworn on oath,
3  was examined and testified
4  as follows:
5  09:09:23  MR. PARKER: Mr. Kipling asked to make a
6  statement for the record. So why don't we do that right
7  now?
8  MR. KIPLING: Thanks.
9  Yeah, this is Mike Kipling on behalf of Amazon. I
10 09:09:23  just -- two things.
11  One, we are reserving and renewing all of the
12  objections as to confidentiality that were raised in our
13  earlier motion.
14  I am hopeful that we can accommodate your requests
15 09:09:24  and get you all what you need but we would -- there are
16  some areas that Amazon is still extremely concerned about
17  and will not reveal.
18  And as to the -- last week we got a 30(b)(6)
19  notice with a number of topics. Those topics are not
20 09:09:33  particularized, so it's not possible to know what
21  specific topics Apple has in mind.
22  But I want to state as to the general topics
23  Mr. Grandinetti is knowledgeable about those topics. He
24  is in fact our most probable designee were we required to
25 09:09:54  produce a witness on that 30(b)(6) deposition. He speaks

16

GRANDINETTI - HIGHLY CONFIDENTIAL

for Amazon on those topics and other topics related to Kindle.

09:10:07   So we would encourage all parties to ask their questions on those topics within their seven hours in the next two days, so that there is no issue about a need for additional testimony on those topics.

MR. PARKER:  We will endeavor to do that. And what I think the most intelligent course is to see
09:10:24   where we are at the end of the testimony and what if anything else needs to be done.  I have no -- we have no desire to is waste anybody's time.

EXAMINATION

BY MR. PARKER:

09:10:34   Q.  Sir, could you please state your name for the record?

A.  Russell C. Grandinetti.

Q.  Grandinetti.  Did I just pronounce that correctly?

09:10:41   A.  Yes, you did.

Q.  By whom are you employed?

A.  Amazon.com.

Q.  What's your business address?

A.  I don't know the address of the company
09:10:50   offhand.  It's here in Seattle, Washington.

# Exhibit C

# Gervey, Gabriel

**From:** Moss, Edward <emoss@omm.com>
**Sent:** Tuesday, March 12, 2013 2:09 PM
**To:** kipling@kiplinglawgroup.com; Marjorie Walter (walter@kiplinglawgroup.com)
**Cc:** Parker, Richard
**Subject:** Amazon 30(b)(6) Deposition Subpoena

Mike/Marjorie,

Apple agrees to extend without date Amazon's deadline to respond to our 30(b)(6) subpoena. We will be in touch before the close of discovery if we intend to pursue the deposition.

Eddie

**Edward N. Moss**
**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, NY 10036
Tel: (212) 728-5671
Fax: (212) 326-2061
emoss@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

# Exhibit D

**From:** Rubin, Lisa H. [mailto:LRubin@gibsondunn.com]
**Sent:** Friday, December 14, 2012 5:57 PM
**To:** Buterman, Lawrence; Fairchild, Stephen; Sutton, Nathan
**Cc:** Snyder, Orin
**Subject:** RE: Apple Depositions

Larry,

Per our meet-and-confer conversation on Wednesday, this e-mail reflects Apple's response to the Government's December 7, 2012 proposed deposition schedule. Apple has worked in good faith since last Friday evening, when we first received the Government's proposal, to provide the information that follows.

As an initial matter, Apple understands that in many cases, the dates proposed by the Government were not discussed with counsel for the affected witnesses, whether settling defendants or third parties, before December 7. Indeed, in some cases, we understand that counsel for third parties have not yet heard from the Government at all. As we conveyed to you during our meet-and-confer conversation, we believe that a cooperative approach toward the deposition schedule necessitates conversations between the Government, one or more representatives of the Non-Settling Defendants, and counsel for the affected witnesses. It is neither economical for the parties nor fair to non-parties to negotiate dates solely among counsel for the litigants, only to have the schedule fall apart due to legitimate third-party scheduling concerns. We urge the Government to reconsider its approach and work with us collaboratively to fashion a deposition schedule that works for all involved.

I.   **Cross-Noticed Depositions**

As we conveyed during our Wednesday conversation, Apple intends to cross-notice the depositions of the following individuals who appear on the Government's proposed schedule:

1. Arnaud Nourry (Hachette Livre)
2. Maja Thomas (Hachette)
3. David Young (Hachette)
4. Jonathan Miller (News Corp.)
5. Brian Murray (Harper Collins)
6. Carolyn Reidy (Simon & Schuster)
7. Dennis Eulau (Simon & Schuster)
8. Markus Dohle (Random House)
9. Madeline McIntosh (Random House)
10. William Lynch (Barnes & Noble)
11. Len Riggio (Barnes & Noble)
12. Russ Grandinetti (Amazon)
13. David Naggar (Amazon)
14. Amazon's 30(b)(6) witness
15. Sony's 30(b)(6) witness
16. Christian Smythe (Sony)

First, for nearly all of these witnesses, we believe that the second day of their depositions can occur after the day noticed by the Government (or that the Government's deposition can begin on the prior day). It may be necessary to discuss days like February 21, which, as a result of our combined proposals, could feature four depositions. We do not believe, however, that it is productive to engage in a protracted dialogue about these dates without involving the witnesses' counsel.

Second, with the exception of Mr. Grandinetti and Mr. Naggar and our own 30(b)(6) deposition of Amazon, we do not believe that we will need a full deposition day with most of these witnesses. To the extent that the Government can identify those listed above whose examinations by the Government can be completed in fewer than six hours, we are happy to discuss with you and counsel for the relevant witness(es) the possibility of extending their deposition day rather than consuming a second day of a witness and counsel's time.

Third, as we communicated during our meet-and-confer, Apple did not intend to notice the depositions of either James Murdoch of News Corp. or Tim Hely-Hutchinson of Hachette. We further understand that counsel for those witnesses expect to contest the necessity of their depositions. Should they be compelled to testify, Apple expects that we will need more than one hour to cross-examine these witnesses, and therefore, we reserve our right to cross-notice these

2

two depositions at a later time. Additionally, should Mr. Murdoch or Mr. Hutchinson provide an affidavit to the Government in lieu of a deposition and such affidavit is included in the Government's pre-trial submissions, Apple reserves its right to take their depositions between that time and trial.

Fourth, should the Government postpone or cancel any depositions as a result of settlement negotiations with any party, Apple reserves the right to notice the depositions of such individuals at a later time.

Fifth, with respect to your request that we provide the topics on which we expect to take Amazon's 30(b)(6) deposition, as you know, Amazon has not completed its document or data productions. Unless and until that process is completed, it is difficult to finalize our 30(b)(6) topics. However, at this time, Apple expect that its 30(b)(6) deposition of Amazon will cover the same topics listed in the Government's proposed schedule. We reserve their rights to supplement those topics pending the completion of Amazon's document and data productions.

## II. Additional Depositions

On behalf of all Non-Settling Defendants, we also notice the depositions of the following witnesses who do not appear on the Government's proposed schedule:

1. Laura Porco (Amazon):                                  February 19
2. Steve Kessel (Amazon):                                 February 21
3. Jeffrey Bezos (Amazon):                                Week of March 11
4. 30(b)(6) deposition of Kobo:                           Week of Feb. 18
5. 30(b)(6) deposition of Microsoft:                      Week of Feb. 18
6. Three 30(b)(6) depositions of independent publishers:  Feb. 26-28
7. Up to 5 30(b)(6) depositions of independent booksellers: Week of Feb. 25

## III. Apple's Depositions

Finally, certain of the dates the Government proposed for the depositions of Apple's witnesses are not feasible for the witnesses and/or counsel. Accordingly, we propose the following alternative dates or time frames, on the understanding that these dates remain tentative and potentially subject to change:

1. Michael Tchao (Apple):    Week of January 21
2. Barbara Lilie (Apple):    January 23
3. Jeff Robbin (Apple):      January 25
4. Pete Alcorn (Apple):      February 20
5. Kevin Saul (Apple):       February 27

As for the remaining Apple witnesses, Keith Moerer is available for his deposition on February 18. We are still working with Eddy Cue to determine his availability, but share the Government's interest in scheduling his deposition in March.

With respect to Tim Cook and Scott Forstall, Apple continues to believe that their testimony is unnecessary, would be duplicative of the testimony of other Apple witnesses, and would impose a significant burden on both gentlemen and on Apple. We ask that the Government agree with us, as we believe we have tentatively done already concerning Mr. Cook, to postpone any briefing about both of their depositions until the other Apple witnesses are deposed.

### # # #

Apple has furnished this information to you in writing in the spirit of good faith and after expending considerable effort. We look forward to a continued and productive dialogue with the Government and with counsel for other affected parties in order to establish a workable schedule. Please let me know when you would like to discuss by phone.

Regards,

Lisa

**Lisa H. Rubin**
Of Counsel

3

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2390 • Fax +1 212.716.0790
LRubin@gibsondunn.com • www.gibsondunn.com

