# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

September 6, 2013

VIA ECF

The Honorable Denise L. Cote
United States District Judge, Southern District of New York

Re:   *In re Electronic Books Antitrust Litig.*, 11-MD-2293 (DLC);
      *State of Texas, et al. v. Penguin Group (USA) Inc., et al.*, 12-CV-3394 (DLC)

Dear Judge Cote:

Due process requires that Apple obtain reasonable discovery to defend itself from the substantial monetary claims being advanced by the plaintiffs. Apple does not, as plaintiffs assert, seek to hit the "reset"[1] button or to conduct "do over" discovery; rather, it seeks discovery essential to opposing class certification and to defending against plaintiffs' inflated claims of injury and damages (and civil penalties). *See, e.g., Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344-45 (1990) (antitrust injury must be proven even in price fixing cases); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2013 WL 4038561, at *5 & n. 5 (D.C. Cir. 2013) (injury in fact from alleged price fixing must be shown as to all class members by common evidence).[2]

There can be no serious argument that fact discovery on these issues is barred. Even plaintiffs, while wrongly suggesting that fact discovery in all cases closed on March 22, 2013, do not dispute that further discovery is necessary and appropriate.[3] Instead, plaintiffs argue that the discovery now sought by Apple "could" have been sought in the first phase. That is neither correct nor fair. In preparing to defend itself in the June bench trial, Apple was not required to divert its efforts in the context of a highly compacted discovery schedule to focus on issues that were of no direct relevance to that trial.[4] Likewise, Apple was free to defer discovery requests that were not crucial to its liability defense. Injury and damages were not elements of the DOJ liability case. *See, e.g., Richfield Oil Corp. v. Karseal Corp.*,

---

[1] Apple referred to a "reset" solely in proposing that the limits on interrogatories and RFAs should be "reset." *See* Swanson Aug. 23, 2013 letter, Ex. B to Class letter (describing the scope of Apple's proposed discovery).

[2] While the States are not required by statute to certify their consumer claims, proof of alleged injury and damages in reliance solely on statistical or other aggregated methods in the circumstances of this case would violate Apple's due process rights. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011); *McLaughlin v. Am. Tobacco Co.*, 522 F. 3d 215, 232 (2d. Cir. 2008).

[3] *See* Class letter at 1 (identifying topics for fact discovery); States letter at 1 (acknowledging class will seek "limited discovery").

[4] At that time, the Court and the parties recognized that accelerated discovery was geared toward meeting the trial date. *See* Ex. A, Oct. 26, 2012 Hearing Tr. 31:14-18; *id.* 34:20-22; *id.* 36:12-23; *id.* 42:4-7.

GIBSON DUNN

September 6, 2013
Page 2

271 F.2d 709, 727 (9th Cir. 1959) ("In a private treble damage action it is necessary to prove, (1) public injury, i.e. a violation of the anti-trust laws, and (2) private injury. In a government anti-trust case only proof of the public injury is required.") The States' case was bifurcated and confined to those issues overlapping the DOJ liability case.[5] Trial was entirely deferred in the class action.[6] Given that liability discovery and injury/damage discovery are, as the Court noted, "largely independent of each other" (Ex. B, 20:5-6), the parties recognized that the latter would be deferred to the second phase.[7] Accordingly, March 22, 2013 marked the close of fact discovery in the first phase, and the parties were to meet-and-confer on a schedule for the second phase.[8] While such a schedule was never entered, the parties clearly understood that fact discovery related to the class action and the States' damages action, such as information and data necessary for expert opinions in that phase, was to proceed separately. *See* ECF No. 136.

The thrust of plaintiffs' argument is that Apple is seeking excessive discovery. That is untrue. Working within the limits established by the Court's August 13, 2013 scheduling order, Apple proposes no more than 4 party witness depositions (including the 3 named class representatives), 15 non-party depositions on a limited range of issues, and targeted discovery requests to parties and third-parties. Contrary to plaintiffs' claim, Apple does not propose to re-depose any individual fact witnesses. Outside of plaintiff States' objection to the deposition of Dr. Wickelgren, which is unfounded,[9] plaintiffs are not challenging any specific discovery requests, many of which were served last week and which are narrowly tailored to the issues to be tried in the second phase.[10]

---

[5] *See* Ex. B, June 22, 2012 Hearing Tr. 73:1-5 (deciding that "those parts of this litigation that require[d] a jury trial and summary judgment practice," *i.e.*, the plaintiff States' claims for penalties and the putative class' claim for damages, would be "split off" from the bench trial proceedings); *see also* Ex. C, June 26, 2012 States letter.

[6] *See* Ex. B, 73:1-5; Ex. A, 54:2-5, 59:17-60:10; Ex. D, Feb. 26, 2013 Hearing Tr. 18:9-19:19.

[7] *See* Ex. A, 56:9-13 (Apple explaining that discovery "related to data, that would be relevant to the defenses that we put forward for class certification . . . can be done later."); *id.* 59:6-11.

[8] Ex. A, 59:23-60:10; *id.* 64:18-65:2; *see also* ECF No. 136, Joint Stip. & Order (Nov. 19, 2012).

[9] Plaintiff States oppose the deposition of Dr. Wickelgren under Fed. R. Civ. P. 26(b)(4)(D). States letter at fn. 1. But Dr. Wickelgren is not protected under this rule because plaintiffs voluntarily disclosed his opinions in a publicly available filing, and thus waived the protection against discovery available to consultant experts. *See Atari Corp. v Sega of America*, 161 F.R.D. 417, 418-420 (N.D. Cal. 1994) (holding that a consultant could be deposed after counsel furnished a videotape of his interview with the consultant to opposing counsel at a settlement meeting); *see also United States v. Hooker Chemicals & Plastics Corp.*, 112 F.R.D. 333, 338-341 (W.D.N.Y. 1986) (government entitled to depose expert who submitted an affidavit attached to motion).

[10] *See, e.g.,* Ex. E, Requests for Production to Plaintiff States; Ex. F, Requests for Production to Class Plaintiffs; Ex. G, Document Subpoena to Amazon.com; Ex. H, 30(b)(6) Deposition Subpoena to Amazon.com.

**GIBSON DUNN**

September 6, 2013
Page 3

Sincerely,

*Theodore J. Boutrous Jr. /cld*

Theodore J. Boutrous Jr.

TJB/irg

Attachments