GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

September 20, 2013

VIA ECF

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007-1312

Re:  *Texas v. Penguin Group (USA) Inc.*, 12 Civ. 3394 (DLC)

Dear Judge Cote:

Apple understands that 24 of the Plaintiff States seek civil penalties under statutory schemes unique to each of those states. Apple disagrees that it "is liable for civil penalties" (States' Letter, Sept. 6, 2013) based on the evidence at trial, the Court's opinion, and the interplay between the relevant federal and state statutes; further, as summarized in part below, the States' demands implicate Apple's constitutional rights and raise issues of state-specific statutory interpretation that require full briefing and argument. Each of the issues below warrants further briefing.

<u>No Predicate Finding That Apple Violated State Law</u>: Apple does not agree that the determination that "Apple conspired to restrain trade in violation of Section 1 of the Sherman Act and relevant state statutes *to the extent those laws are congruent with Section 1*" (Op. & Order 159, July 10, 2013 (emphasis added)) establishes the legal basis for an award of civil penalties. *See DeClemente v. Columbia Pictures Indus., Inc.*, 860 F. Supp. 30, 52 (E.D.N.Y. 1994) (a "federal court deciding a pendent state claim under its supplemental jurisdiction must apply the substantive law of the state, and decide the issue of law according to the rule of law established by the highest court of the state"). Consequently, it is not enough for the States to point to state laws that they claim are "congruent" or run in "parallel" to Section 1. Rather, they must demonstrate that the state courts' *application* of those statutes to the theory and facts of this case—as well as the result reached—would be substantially similar to this Court's application of federal antitrust law. These requirements have not been met here. The Court's July 10, 2013 Opinion & Order does not analyze the challenged conduct under the relevant state laws. Nor did Apple somehow concede the point. Apple has repeatedly made clear that it has not "waived or conceded any arguments regarding" "the various complex issues surrounding the [S]tates' requested relief." Apple Opp. Pl. States' Supplemental Mem. Law State Law Claims 3 n.1, May 17, 2013; *see also* Apple Letter to Judge Cote 2, June 9, 2013. At no point did Apple even suggest that a Section 1 violation was *sufficient* to establish liability under the state laws at issue.

<u>State-by-State Analysis of Whether the Court or a Jury Determines Civil Penalties</u>: Contrary to the States' suggestion, *Tull v. United States*, 481 U.S. 412 (1987), did not hold that courts must determine the amount of any civil penalty. Rather, the Court held that the Seventh Amendment does not *require* a jury to determine the amount of civil penalties; a court may assess penalties where the relevant statute delegates that task to the court. *Id.* at 425-27. Here, only 10 of the 26

GIBSON DUNN

statutes listed by the States expressly designate the court to assess civil penalties.

Further Fact Finding: Even assuming violations of the relevant state laws, certain States' civil penalty provisions require additional factual findings before such penalties are assessable. For example, Virginia allows for the recovery of civil penalties only where there has been a "willful or flagrant" violation. Va. Code Ann. § 59.1-9.11. Connecticut requires a showing that the defendant "wil[l]fully" violated Connecticut's Unfair Trade Practices Act—that is, it "knew or should have known" that its conduct violated the statute. Conn. Gen. Stat. § 42-110o. These issues must be addressed at trial before any penalty may be awarded.

Impermissible Double Recovery: The imposition of civil penalties may be objectionable for other reasons, including that the States' requests for civil penalties on top of treble damages are an impermissible form of double recovery. Courts have refused to permit plaintiffs to recover two separate punitive awards under both federal antitrust law and state law, where the state and federal claims arise from the same operative facts and merely represent alternative theories of recovery. *See, e.g., Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 218-19 (3d Cir. 1992). The States' attempts to extract two awards fall within this prohibition, and any claim for penalties by statute may be addressed by allocating a portion of any treble damage award (if there in fact is such an award) to such penalties. *See* 15 U.S.C. § 15e; *cf. State of N.Y. v. Amfar Asphalt Corp.*, No. CV 83-2598, 1986 WL 27582, at *3 (E.D.N.Y. Nov. 20, 1986). Additionally, there is at least one state civil penalty statute that expressly prohibits double recovery. *See* Va. Code Ann. § 59.1-9.11.

Apple's Constitutional Rights: Punitive awards – like the civil penalties sought by certain States – are subject to rigorous scrutiny under the 5th, 8th, and 14th Amendments, which require that any civil penalty awarded be proportional to the severity of the offense. *See United States v. Bajakajian*, 524 U.S. 321, 334 (1998); *BMW of N. Am. v. Gore*, 517 U.S. 559, 574 (1996). The Court thus cannot properly evaluate the proportionality of civil penalties until damages and actual harm are assessed. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003) (conduct warranting penalty "must have a nexus to the specific harm suffered by the plaintiff"); *United States v. Mackby*, 261 F.3d 821, 831 (9th Cir. 2001) (measuring proportionality requires considering civil penalties award in tandem with treble damages). And as the States themselves recognize, *see* States' Letter n.1, given that this Court may deem any monetary relief the States recover as *parens patriae* to be a civil penalty, the Court must complete the damages proceedings first before any state-based civil penalties are assessed.[1] Finally, Apple has a due process right to have fair notice of what conduct is prohibited, and to present every available defense for every civil penalty sought. *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972). Piggybacking on the Court's Section 1 liability finding, without any showing of the requirements of state law, infringes this right.

---

[1] The States impermissibly raise never-before-seen requests for civil penalties in their letter. Alaska's requests for civil penalties were limited to those provided for in Alaska Stat. § 45.50.578—it never requested *additional* civil penalties under Alaska Stat. § 45.50.551(b). Second Am. Compl. 42, May 17, 2012. Similarly, Nebraska requested a limited "civil penalty of up to *$2,000* for each violation of [its] Consumer Protection Act," not the maximum of $25,000 now cited by the States. Second Am. Compl. 44 (emphasis added). Vermont attempts to change its prior request for civil penalties under Vt. Stat. Ann. tit. 9 § 2461 (which is inapposite) to a request under Vt. Stat. Ann. tit. 9 § 2458(b)(1). Second Am. Compl. 44. These revisions should be rejected out of hand. *See A.X.M.S. Corp. v. Friedman*, No. 13 Civ. 1811, 2013 WL 2431968, at *1 n.1 (S.D.N.Y. May 31, 2013) (rejecting "last minute request[s]" for relief not pleaded).

GIBSON DUNN

Sincerely,

*Theodore J. Boutrous, Jr. /CKL*

Theodore J. Boutrous Jr.

TJB/irg

cc: All counsel