```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE: ELECTRONIC BOOKS ANTITRUST       :    11 MD 2293 (DLC)
LITIGATION                              :
                                        :    Related to all
----------------------------------------X         matters
                                        :
THE STATE OF TEXAS, et al.,             :
                                        :         ORDER
                     Plaintiffs,        :
          -v-                           :
                                        :
PENQUIN GROUP (USA) INC., et al.,       :    12 Civ. 3394 (DLC)
                                        :
                     Defendants.        :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On September 20, 2013, Plaintiff States filed a letter in support of their contention that Apple is liable for civil penalties under various state antitrust statutes, as set forth in Appendix A of their letter ("Appendix A"). Apple filed a responsive letter on the same day. In order to guide the parties in advance of the damages trial scheduled for May 2014, this Court sets forth the following presumptions:

1. To the extent that a violation of a state statute set forth in Appendix A requires proof of an element beyond that of Section 1 of the Sherman Act, Plaintiff States' claims for civil penalties under these state statutes will be dismissed.

In these proceedings, an effort has been made to clarify the relationship between Plaintiff States' state law claims and the federal claim under Section 1 of the Sherman Act. At the

May 23, 2013 pretrial conference, this topic was specifically discussed and it was agreed that Plaintiff States would voluntarily dismiss any state law claims that were not congruent with the Sherman Act claim.  On the first day of trial (June 3), Plaintiff States were asked to make an unambiguous commitment to the relationship between the state law claims and the Sherman Act claim.  In their letter of June 16, Plaintiff States stipulated that they sought, "as part of this trial, a determination of Apple's liability under the relevant state laws to the extent those laws are congruent with Section 1 of the Sherman Act."  Consequently, this Court's liability determination on July 10 included a finding that "Apple conspired to restrain trade in violation of Section 1 of the Sherman Act and relevant state statutes to the extent those laws are congruent with Section 1."

The July 10 Opinion lays out the elements of a claim under Section 1 of the Sherman Act.  The most salient points are as follows: plaintiffs must show (1) "a combination or some form of concerted action between at least two legally distinct economic entities" that, (2) "constituted an unreasonable restraint of trade either per se or under the rule of reason."  Primetime 24 Joint Venture v. Nat'l Broad. Co., 219 F.3d 92, 103 (2d Cir. 2000) (citation omitted); see Capital Imaging Assocs, P.C. v. Mohawk Valley Medical Assocs, Inc., 996 F.2d 537, 542 (2d Cir.

2

1993). "[T]he antitrust plaintiff should present direct or circumstantial evidence that reasonably tends to prove that the [defendant] and others had a conscious commitment to a common scheme designed to achieve an unlawful objective." Monsanto Co. v. Spray-Rite Service Corp., 465 U.S. 752, 764 (1984) (citation omitted). The evidence must also "prove defendants had the intent to adhere to an agreement that was designed to achieve an unlawful objective; specific intent to restrain trade is not required." Geneva Pharms Tech Corp. v. Barr Labs Inc., 386 F.3d 485, 507 (2d Cir. 2004).

To the extent that the state statutes set forth in Appendix A are congruent with the aforementioned elements for a violation of Section 1 of the Sherman Act, Plaintiff States have established liability under these laws. To the extent that any statute in Appendix A includes additional or materially different elements, Plaintiff States have not established liability under such statute. As the liability portion of this case is now complete, this Court shall make no further factual findings necessary to establish liability under any non-congruent state statutes.

2. To the extent that a state statute set forth in Appendix A mandates a penalty "per violation," Apple's conspiracy to engage in per se price fixing with Publisher Defendants shall be treated as a single violation.

3

3.   Any civil penalty award under a state statute set forth in Appendix A shall be assessed as a portion of any treble damages. Consequently, any such penalties shall be determined by the Court at the conclusion of the May damages trial.

The parties shall meet and confer to agree on a stipulation with respect to the issue of Apple's liability for civil penalties under various state antitrust statutes, as set forth in Appendix A. If unable to do so and a party disagrees with respect to the preliminary guidance set forth in this Order, the parties shall propose a briefing schedule that permits these legal issues to be fully briefed no later than **March 7, 2014**.

SO ORDERED:

Dated:   New York, New York
         September 25, 2013

_____
DENISE COTE
United States District Judge