

T 206.623.7292   F 206.623.0594

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

September 27, 2013

<u>*Via ECF*</u>

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl St., Room 1610
New York, NY 10007-1312

    Re:    <u>*In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC);</u>
              <u>*The State of Texas v. Penguin Group (USA), Inc.*, No. 12-cv- 3394 (DLC)</u>

Dear Judge Cote:

        On September 10, 2013, Class Plaintiffs asked Apple to provide findings it agreed would be subject to collateral estoppel, given the likelihood Apple would agree, if at all, only to an extremely narrow application of collateral estoppel. Apple did not respond for nearly two weeks, and on September 23, 2013, Class Plaintiffs asked Apple to discuss the matter. On September 25, 2013, Apple told Class counsel it is plaintiffs' burden to establish the facts or findings collateral estoppel applies to, that it should be done via summary judgment, and therefore Apple would not propose any findings.

        Although Apple said summary judgment was the appropriate procedure to make collateral estoppel determinations, Apple then suggested Class Plaintiffs provide a list of facts for Apple to review. Apple would then tell Plaintiffs if Apple agreed, disagreed, or would suggest modifications. Given Apple's comments during the meet and confer, however, Plaintiffs are skeptical Apple's proposal will be productive.

        During the conference with Apple the parties expressed very divergent views on the application of collateral estoppel to the Court's findings in the liability trial. Apple conceded only that it would "probably accept" that it was estopped from contesting its participation in "some proper formulation" of the proven conspiracy. But Apple would not acknowledge any other finding was subject to collateral estoppel. Apple based its position on an exceedingly cramped view of the law and this Court's July 10 Opinion and Order, asserting that no other finding was "necessary" to the Court's determination in the first trial and subject to the same burden of proof as it will be here.

        Beyond that, Apple declined to clearly state in any detail its view of the proper scope of collateral estoppel at this time, other than reciting the legal standard. In response, Class counsel asked Apple to identify facts already addressed by the Court's opinion that it intends to "re-purpose" to support its arguments, for example, as factual predicates to Apple's challenges to the

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

010260-11 643140 V1

September 27, 2013
The Hon. Denise L. Cote
Page 2

appropriate but-for world against which to measure damages. Class counsel explained there may be facts Plaintiffs are not seeking to use affirmatively, but Plaintiffs would contest Apple being able to re-cycle in support of its arguments. Apple identifying these facts would help the parties – and the Court – address the legality of Apple using these facts. But Apple would not agree, saying it is not required to do so at this time.

And so Class counsel presented a concrete example – whether Apple could claim windowing would have taken root in the but-for world, absent the collusive conduct, despite this Court's findings.[1] Apple asserted it is not estopped from making such a claim even if the Court had ***explicitly held*** "there would have been no windowing in the but-for world." When asked, Apple would not commit to whether it intended to make this argument in any form, including its effort to manufacture a hypothesized but-for world.

A further exercise between the parties to narrow the issues also seems unlikely to be productive because Apple is committed to an untenably restricted meaning of the word "necessary," as applied in the collateral estoppel context.[2] Plaintiffs do not yet know Apple's complete interpretation, but what may be gleaned from Apple's comments is no fact or finding other than Apple entered into a conspiracy was "necessary" to the Court's decision. For example, according to Apple's view of collateral estoppel, Apple is free to reassert any argument it made in the course of unsuccessfully rebutting the anticompetitive effects of the conspiracy. But this is not the law, clearly. Apple does not get "'a rerun review . . . with no real change in the cast of characters, the facts, or the legal arguments.'"[3] And having been the fact-finder, this Court is uniquely positioned to know first-hand the necessity of factual determinations and findings it made *en route* to its decision.[4]

Accordingly, Class Plaintiffs stand ready to litigate the collateral estoppel issues consistent with the current schedule, or on a different schedule the Court may envision to take some issues off the table. We note it would facilitate to frame and resolve these issues once Apple identifies at some level facts (or subject matter) it contemplates affirmatively using that this Court already decided against Apple.

---

[1] *See, e.g.*, Opinion and Order at 140-42, July 10, 2013, ECF No. 326.

[2] *See, e.g.*, *Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005). Internal citations omitted, unless otherwise noted.

[3] *Niagara Frontier Tariff Bureau, Inc. v. United States*, 826 F.2d 1186, 1190 (2d Cir. 1987); *see also, e.g.*, *Hoult v. Hoult*, 157 F.3d 29, 32 (1st Cir. 1998)(collateral estoppel appropriate for findings "central to the route that led the fact finder to the judgment reached, even if the result 'could have been achieved by a different, shorter and more efficient route'"); *Mother's Rest. Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1571 (Fed. Cir. 1983) ("[T]he requirement that a finding be 'necessary' to a judgment does not mean that the finding must be so crucial that, without it, the judgment could not stand."); *The Oneida Tribe of Indians of Wis. v. AGB Props., Inc.*, No. 02-cv-233, 2002 WL 31005165, at *7 (N.D.N.Y. Sept. 5, 2002)(finding "It is well established in the Second Circuit that for purposes of collateral estoppel, an issue need not be the only determinative factor in a decision in order for it to be considered 'necessary' to that decision.").

[4] *See, e.g.*, *Oldham v. Pritchett*, 599 F.2d 274, 281 (8th Cir. 1979)(determination of collateral estoppel effect by judge who presided over the first trial "is predicated on more than a cold record and accordingly is entitled to great weight").

September 27, 2013
The Hon. Denise L. Cote
Page 3

                                                                       Respectfully,

                                                                       HAGENS BERMAN SOBOL SHAPIRO LLP

                                                                       s/ Steve W. Berman
                                                                       Steve W. Berman