# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Daniel G. Swanson
Direct: +1 213.229.7430
Fax: +1 213.229.6430
DSwanson@gibsondunn.com

October 2, 2013

VIA ECF

**MEMO ENDORSED**



The Honorable Denise L. Cote
United States District Court Southern District of New York
500 Pearl St., Room 1610
New York, NY 10007

Re:   *In re: Electronic Books Antitrust Litig.*, No. 11-md-02293 (DLC); *The State of Texas v. Penguin Group (USA), Inc.*, No. 12-cv-3394 (DLC)

Dear Judge Cote:

We write in response to Class Plaintiffs' September 30, 2013 letter concerning whether the Class and States are permitted to submit a class certification and damages expert rebuttal report. Plaintiffs' proposed submission of a rebuttal expert report on December 13, 2013—the day that marks the end of expert discovery—is in conflict with this Court's Scheduling Order and with Plaintiffs' prior representations, and would unfairly deprive Apple of the opportunity to conduct discovery of, or respond to, the rebuttal report opinions.

The current schedule does not, as the Class Plaintiffs claim, "contemplate" or allow for the submission of a rebuttal expert report by Plaintiffs. At the August 9, 2013 hearing discussing the parties' respective scheduling proposals, Class Plaintiffs agreed with the Court "that both fact and expert discovery, in essence, would be over in 2013," because "plaintiffs' expert reports would be served on October 11" and "the defendant's expert reports under the plaintiffs' proposal would be served on November 15[.]" Aug. 9, 2013 Hearing Tr. 43:10-18. Class Plaintiffs made no mention of a need for a rebuttal expert report during that hearing. *See id.* These were the two deadlines adopted by the Court for the disclosure of all expert testimony. *See* Scheduling Order, Aug. 13, 2013, ECF No. 380 ¶ 2. The Scheduling Order further provides that "[e]xpert discovery shall conclude by December 13, 2013" (*id.* ¶ 3), thus allowing each party to depose the opposing party's experts after submission of the October and November expert reports, respectively.

Plaintiffs now seek to submit a rebuttal expert report <u>on the very day expert discovery closes</u>. Apple's opposition to this request is not a "tactical gambit," nor does Apple "not [] want to be informed of Plaintiffs' expert's rebuttal to Apple's expert report on damages." Berman letter, ECF No. 412 at 2. Apple is entitled to seek discovery from and depose Plaintiffs' expert regarding opinions contained in any rebuttal report. *See* Fed. R. Civ. P.

GIBSON DUNN

October 2, 2013
Page 2

26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial"). Under Plaintiffs' proposal and the current schedule, Apple would be deprived of the ability to do so. *See id.* ("If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.").

Moreover, Plaintiffs have made no showing as to why a rebuttal expert report is necessary here. Plaintiffs bear the burden of proof of injury and damages, including proof that injury in-fact and damages from the alleged price-fixing can be shown as to all class members by common evidence and a common methodology. *See, e.g., Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344-45 (1990); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2013 WL 4038561, at *5 (D.C. Cir. 2013); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432-34 (2013). Plaintiffs do not explain why any expert opinion offering such proof cannot, and should not, be disclosed on October 11, 2013, consistent with the Scheduling Order and with Plaintiffs' prior representations.[1] Class Plaintiffs will have an opportunity to respond to Apple's arguments opposing class certification in their reply brief in support of class certification. And in their reply brief, Plaintiffs are free to cite to their expert's testimony when the latter is deposed about his or her opinions as disclosed in the October 11 report. Further, Plaintiffs contend they will narrow the parameters of the "but-for" world through the litigation of collateral estoppel issues, which they have not said would require any further expert discovery. *See* Aug. 9, 2013 Hearing Tr. 37:3-16.

Apple therefore respectfully submits that this Court should not deviate from its Scheduling Order (ECF No. 380) and should deny Plaintiffs' request to submit a rebuttal expert report on December 13, 2013, in light of the current expert discovery deadline. If, however, the Court allows Plaintiffs to submit such a rebuttal expert report, Apple requests that the Court (1) extend the deadline for expert discovery to January 15, 2014, so Apple has the opportunity to depose Plaintiffs' rebuttal expert on the rebuttal expert report; and (2) allow Apple the opportunity to serve a sur-reply in opposition to class certification, and any additional expert disclosures, responding to any new expert opinions on damages and/or class certification in Plaintiffs' rebuttal expert report.

*[Handwritten annotation: Plaintiffs may serve a rebuttal expert report. The parties shall discuss a schedule for service of that report and the close of expert discovery. To the extent the plaintiffs'*

---

[1] In fact, Class Plaintiffs previously asserted that the only issues that remain in their case are "how much were the consumers overcharged" and "can class plaintiffs use discovery common to the class to answer the question," and that the evidence necessary to answer these questions "has almost all been obtained." Sept. 9, 2013 Hearing Tr. 10:8-18.

*[Handwritten annotation continued: rebuttal report includes new opinions that could not have been anticipated by Apple's expert(s), Apple may file a sur-reply report before the close of expert discovery. /s/ Denise Cote 10/3/13]*

# GIBSON DUNN

October 2, 2013
Page 3

Sincerely,

*Dan Swanson by CH*

Daniel G. Swanson

DGS/lr