

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

October 23, 2013

**Via ECF Filing**

The Honorable Denise Cote
United States District Judge
Southern District of New York

Re:   *Texas v. Penguin Group (USA) Inc.*, 12-CV-3394 (S.D.N.Y.) (DLC); *In re
Electronic Books Antitrust Litig.*, 11-MD-2293 (S.D.N.Y.) (DLC)

Dear Judge Cote:

I write on behalf of Plaintiff States in response to Theodore Boutrous's letter to the Court
dated October 22, 2013. Plaintiff States seek the Court's confirmation that the deposition of
Roger Noll is limited to one day of eight hours, seven hours for Apple and one hour for
plaintiffs. That has been the parties' agreement and practice throughout the course of expert
discovery in this litigation. That practice should continue and that agreement should be
enforced. Apple should not be permitted to evade that agreement by citing the Revised Joint
Initial Report that contemplated expert depositions of up to two days.

After the Revised Joint Initial Report and as expert discovery in this litigation
approached, the parties focused their efforts and agreed to limit expert depositions to a single day
of 7 hours, 6 hours for the side taking the deposition and 1 hour for the side defending the
deposition, with an option for each side to schedule one expert deposition for 8 hours, 7 hours for
the side taking the deposition and 1 hour for the side defending the deposition. That agreement
was built on the agreement reached for fact witnesses. And as phrased by Mr. Boutrous in his
letter, reaching that agreement was both mutual and voluntary. The specifics of the agreement
on expert depositions are set forth in the attachment to this letter.

That agreement was followed and enforced. Penguin's expert (Daniel Rubinfeld),
Plaintiff States' experts (Orley Ashenfelter and Jonathan Baker), and two of Apple's experts
(Michelle Burtis and Ben Klein) were each deposed in a single 7 hour day. Exercising its right
under the agreement, Apple chose to depose the United States's expert, Richard Gilbert, in a
single 8 (not 7) hour day. Exercising their corresponding right, plaintiffs chose to depose one of
Apple's experts, Kevin Murphy, in an 8 hour day.

120 BROADWAY, 26TH FLOOR, NEW YORK, NY 10271 ● PHONE (212) 416-8262 (BUREAU) , (212) 416-8267 (DIRECT)● FAX (212) 416-6015 ●
WWW.AG.NY.GOV, ROBERT.HUBBARD@AG.NY.GOV (DIRECT)

The agreement among the parties for expert depositions should apply to the deposition of Roger Noll.[1]  Plaintiff States regret that Apple refuses to adhere to an agreement that it admits was reached mutually and voluntarily.  Roger Noll's deposition should be a single day of 8 hours, 7 hours for Apple and 1 hour for plaintiffs.[2]

Respectfully submitted,

Robert Hubbard
Assistant Attorney General

attachment: March 8, 2013 email from Daniel McCuaig to Daniel McInnis, Gabriel Gervey, and Larry Tanenbaum, cc'ing others

---

[1]  In note 2 of his letter, Theodore Boutrous seeks to preserve Apple's right to later seek an additional deposition of Roger Noll.  Apple can choose when to schedule Roger Noll's deposition, but Apple should get only 1 day.  If Apple chooses to proceed now, Apple should be precluded from deposing Roger Noll again after a supplemental or rebuttal report.
[2]  Roger Noll is only available for a single day during the week of October 28.  A two day deposition would need to be scheduled later than during the week requested by Apple.