

GEORGE C. JEPSEN
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
**State of Connecticut**

*Tel: ( 860 ) 808-5040*
*Fax: (860)  808-5033*

November 8, 2013

The Honorable Denise Cote
United States District Judge
Southern District of New York                                    **Via e-mail**
500 Pearl Street, Room 1610
New York, NY 10007

　　Re: *The State of Texas et al. v. Penguin Group (USA) Inc. et al.*, **No. 12-cv-03394**
　　**(DLC);** *In re Electronic Books Antitrust Litig.*, **No. 11-md-02293 (DLC)**

Dear Judge Cote:

　　I write on behalf of the Plaintiff States in response to the letter dated November 7, 2013 and sent to the Court by Mr. Robert Kohn. In his letter, Mr. Kohn seeks discovery in support of his objection to the pending Motion for Final Approval of settlements between the Plaintiff States, Class Plaintiffs, Penguin and Macmillan. Respectfully, the fundamental premise of Mr. Kohn's objection is flawed and he should not be permitted the discovery he seeks.

　　Essentially, Mr. Kohn believes that the action being settled should never have been brought by the Plaintiff States in the first instance, because Amazon was allegedly engaging in predatory pricing. Implicit in his argument is also a contention that the defendants should not have settled and an ineluctable conclusion that consumers therefore should receive nothing. These have never been and are not now legitimate objections to the settlements on the part of a consumer who stands to receive a distribution under the settlements.[1] The States are vested with prosecutorial discretion to bring antitrust cases as they see fit. Once those cases are commenced, the defendants may make calculations as to their potential liability and exposure to damages and agree to settlement as they see fit. Mr. Kohn has no standing to second guess the decisions of either the States in bringing the action or the defendants in agreeing to settlement. If Mr. Kohn truly believes that Amazon is engaging in predatory pricing, then the antitrust laws offer him an opportunity to commence a private action against Amazon. And if he objects to receiving money from the settlement in this case, then he should opt-out.

　　The only complaint that might possibly be relevant is that the injunctive relief contemplated by the settlements will harm consumers. As the Court is aware and as the motion papers for preliminary approval made clear, the injunctions in these settlements are intended to

---

[1] This is implicit in the nine traditional *Grinell* factors for evaluating a settlement, which are all formulated in a context where a class member contends that the class representatives settled for too little, not too much.

be and will be identical to those this Court has already approved in connection with the settlements between the Department of Justice and these same defendants.  In granting that approval, the Court has already rejected Mr. Kohn's arguments.  Respectfully, we submit that the Court should do so again.

Finally, we are aware of no controlling law or precedent that would require any party to "point out" to Mr. Kohn any particular document or information he believes would support his objection or to determine whether such information has or has not been produced to the DOJ or the Defendants.  Indeed, the very case cited by Mr. Kohn in support of his argument, *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 464 (2d Cir. 1974), suggests a contrary conclusion.

In light of the above, we respectfully ask that the Court deny Mr. Kohn's request.

Sincerely,

Gary M. Becker (GB-8259)
Assistant Attorney General
State of Connecticut

cc. All counsel