October 15, 2013

**_Via USPS First Class mail_**
Clerk of Court
U.S. District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: Objection to Class Settlement in *State of Texas, et al. v. Penguin Group (USA) Inc., et al.*, Case No. 12-cv-3394 and *In Re: Electronic Books Antitrust Litigation*, Case No. 11-MD 2293

Dear Clerk of Court:

Please accept this letter as my objection the Court's approval of the settlement in the above referenced class action lawsuit and the award of excessive attorneys' fees to class counsel. The proponents of this settlement have <u>not</u> met their burden to show that the settlement is fair, reasonable, and adequate.

I am a member of the class. I object to both the Macmillan and Penguin Settlements in *State of Texas, et al. v. Penguin Group (USA) Inc., et al.*, Case No. 12-cv-3394 and *In Re: Electronic Books Antitrust Litigation*, Case No. 11-MD 2293. My address and phone number are as follows:

441 Coral Place

Corpus Christi, TX 78411

(361) 850-7118

I received an email from State Attorneys General and Class E-book Settlement apprising me of my eligibility for a payment from the Macmillan and Penguin settlements. Attached as proof that I am an "Eligible E-Book Purchaser" is the email notice I received on September 12, 2013, which lists my Settlement ID number

1

AP03803818. I have not filed a claim form, as the email notice stated "Because you are pre-qualified, you do not need to do anything to receive your credit."

Objection is made based on the proposed award of attorneys' fees. The Motion for Attorneys' Fees states that class counsel is seeking 10,455,534.56 in fees and reimbursement of expenses in the amount of $750,465.44. The Notice is deficient as it only states "The Settlements also provide for payment to Class Counsel for attorneys' fees and expenses and payment for attorney fees, expenses and other payments to the Attorneys General. Funds to pay these amounts do not come out of the money that will be used to pay consumers". It is impossible to determine whether attorneys' fees, expenses and other payments are excessive under either a lodestar or a percentage of recovery methodologies since the Notice does not state even an estimated amount of such fees. Further objection is made to the extent of the failure of class counsel to make a detailed attorneys' fee and expense application within a reasonable and adequate amount of time for objectors to evaluate the fee and expense application.

So further objection is made to the inadequacy of the notice. It is doubtful that the average class member has the ability decipher a complicated settlement agreement to determine the overall fairness of an award of attorneys' fees. The "settlement agreements" listed on the settlement website are actually Notices. I found the fee award amounts in the Motion for Attorneys' Fees, since these amounts are not available in any of the notices designed to assist objectors in assessing the fairness of the settlement.

Specific objection is made that the proponents of this settlement have not met their burden to show that the settlement is fair, reasonable, and adequate.

Objection is made to any overly broad release entered into by the parties.

I also object to the proponents of the settlement not sustaining their burden of proof on commonality, predominance, superiority and adequacy of class counsel and class representatives under Federal Rule of Civil Procedure 23.

Objection is made to any procedures or requirements to object that require information or documents other than those that are contained herein to the extent that such requirements are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate objectors' due process rights and Rule 23(e)(5).

I also join in and incorporate herein by reference any and all objections filed by other objectors as though set forth in full, to the extent not inconsistent with the specific objections made herein.

I have received legal assistance in this matter from Bandas Law Firm, P.C. I do not wish to have any special favor or treatment as a result that this is filed *pro se*.

Sincerely,

Christopher Batman

cc:
**<u>Via USPS First Class mail</u>**
E-books AG Settlements Objections,
P.O. Box 2825
Faribault, MN 55021-8630

**From:** State Attorneys General and Class E-book Settlement [mailto:Administrator@qgemail.com]
**Sent:** Thursday, September 12, 2013 12:11 PM
**To:** Chris Batman
**Subject:** Apple E-book Purchasers - Attorneys General and Class Settlement


Settlement ID Number:AP03803818




## Benefits from E-books Settlement Fund
*Para una notificación en Español, llamar o visitor nuestro website.*

Records indicate that you are eligible for a payment from Settlements reached by State Attorneys General and Class Plaintiffs with E-book publishers Holtzbrinck Publishers, LLC, (known as Macmillan) ("Macmillan") and Penguin Group (USA) Inc. ("Penguin"). The Settlements resolve Plaintiffs' claims against Macmillan and Penguin in antitrust lawsuits about the price of electronic books ("E-books").

### What the Settlements Provide

The Macmillan and Penguin Settlements, together with settlements previously approved by the Court, create a $162.25 million fund for payments to consumers who purchased qualifying E-books from April 1, 2010 through May 21, 2012. If the Court approves the Macmillan and Penguin Settlements, eligible consumers will receive a credit to their iTunes account that will need to be activated. The credit can be used on any purchases of E-books. The amount of your payment will be determined based on qualifying E-book purchases identified by Apple in your iTunes account.

### How to Receive your Benefit

Because you are pre-qualified, you do not need to do anything to receive your credit. If the Court approves the Settlements, <u>you will receive another email letting you know how to activate your credit</u>. Once you activate the credit, it will be applied to your account by Apple. Please note, while this notice is for the Macmillan and Penguin Settlements, your payment from all settling publishers will be combined and issued as one credit for your Apple iTunes account. (If you bought E-books from more than one retailer, you have received notices with different instructions about whether you will receive a credit or need to file a Claim Form for that retailer. You will have a separate claim for each retailer and you should follow the specific instructions from each one.)

You also have the option to receive a check instead of your credit. You can request a check by calling 1-866-621-4153, or going to the Settlement website listed below, and clicking on the Check Request Option link on or before **October 21, 2013**. Be sure to reference the Settlement ID number found at the top of this email. The Settlement website is:

**www.EbookAGSettlements.com**

### Your Other Rights

You can choose to exclude yourself from the Macmillan and/or Penguin Settlements and keep your right to sue on your own. If you exclude yourself, you can't receive any benefits from that Settlement. If you don't exclude yourself, you can submit objections about the Macmillan and/or Penguin Settlements.

Your written Exclusion Form or objections must be postmarked **by October 21, 2013**. Please visit the Settlement website for detailed information on how to submit a valid Exclusion Form or objection.

The antitrust lawsuit against Apple Inc. continues. Your rights in the separate suit are not affected by any action you take in regards to these Settlements.

The Court will hold a hearing on **December 6, 2013, at 3:00 p.m.,** to consider whether to approve the Settlements. You or your own lawyer may ask to appear and speak at the hearing.

## For more detailed information:
## Call 1-866-621-4153 or Visit www.EbookAGSettlements.com