UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STATE OF TEXAS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PENGUIN GROUP (USA), INC., et al.,<br><br>　　　　　Defendants. | 12-CV-03394 (DLC) |
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | 11-MD-02293 (DLC) |
| This Document Relates to:<br><br>ALL ACTIONS | |

**APPLE INC.'S MOTION FOR SUGGESTION OF REMAND TO THE JUDICIAL PANEL FOR MULTIDISTRICT LITIGATION**

## TABLE OF CONTENTS

I. Preliminary Statement ................................................................................................ 1

II. Procedural Background ............................................................................................. 1

III. These Actions Must Be Remanded To Their Original, Transferor Courts For Trial ............................................................................................................................ 5

    A. Under 28 U.S.C. § 1407(a) and *Lexecon*, a transferee court has no power to retain an action for trial. ................................................................................. 5

    B. Remand of these actions is appropriate, consistent with *Lexecon*. ................ 6

IV. Conclusion ................................................................................................................ 9

I.      **Preliminary Statement**

The Judicial Panel on Multidistrict Litigation ("JPML") transferred the above-captioned matters to this Court for "coordinated or consolidated pretrial proceedings" as part of a multidistrict litigation ("MDL").  MDL 2293, Dkt. 83 at 2-3.  As the Supreme Court has recognized, the governing statute, 28 U.S.C. § 1407(a), "uncondition[ally]" commands the JPML to remand such actions back to the transferor district at the end of pretrial proceedings.  *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36 (1998).  Coordinated discovery in these actions has ended, and remand is appropriate for the States' action and the class actions upon this Court's decision on Apple's pending motion to dismiss (1:12-cv-03394, Dkt. 340) and class plaintiffs' pending motion for class certification (1:11-md-02293, Dkt. 423), respectively.[1]  Accordingly, Apple Inc. ("Apple") respectfully requests that this Court issue a "suggestion of remand" to the JPML, recommending remand of the class and States' actions back to their transferor districts—the Northern District of California and the Western District of Texas, respectively.  *See* R. Proc. J.P.M.L. 10.1(b) ("the transferee judge [may] recommend[] remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel").

II.     **Procedural Background**

The facts relevant to this motion are as follows:  On August 9, 2011, Anthony Petru filed the first putative class action against Apple and publisher defendants in the Northern District of California.  *Petru et al. v. Apple Inc. et al.*, Case No. 3:11-cv-03892 (N.D. Cal. filed Aug. 9, 2011).  Substantially similar putative class actions were filed in the Southern District of New

---

[1] Apple does not dispute that class certification is appropriately decided by the transferee court here.  *See, e.g.*, *In re Activated Carbon-Based Hunting Clothing Mkt. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1201 (D. Minn. 2012).

York ("SDNY Actions") and the Northern District of California ("ND California Actions"), including an action by named plaintiffs Thomas Friedman and Shane Davis, *see Gilstrap et al. v. Apple Inc. et al.*, Case No. 3:11-cv-04035 (N.D. Cal. filed Aug. 18, 2011).  Plaintiffs in the SDNY Actions filed with the JPML a Motion to Transfer and Consolidate Related Antitrust Actions to Southern District of New York pursuant to 28 U.S.C. § 1407(a).  *See* MDL 2293, Dkt. 1 (Aug. 16, 2011).  Meanwhile, Mr. Petru, joined by other plaintiffs in the ND California Actions, moved to intervene in the SDNY Actions and filed a motion to transfer those cases to the Northern District of California under 28 U.S.C. § 1404.  The ND California Actions plaintiffs opposed consolidation in New York, arguing that the Northern District of California was the most appropriate venue because *Petru* "was the original, first-filed action and should have priority" and "[t]he convenience of the parties and witnesses also points to the Northern District of California as the most appropriate transferee court."  Pl. Petru's Mem. in Opp'n to Mot. to Transfer and Consolidate Related Antitrust Actions, MDL 2293, Dkt. 48, at 12 (Sept. 7, 2011).

On December 9, 2011, the JPML issued a transfer order pursuant to 28 U.S.C. § 1407, finding that "centralization . . . in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."  MDL 2293, Dkt. 83, at 2 (Dec. 9, 2011).  Thus, Mr. Petru's action was consolidated with the SDNY Actions and transferred and assigned to this Court "for coordinated or consolidated pretrial proceedings."  *Id.* at 2-3.  This Court subsequently entered a case management order, providing that "any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court."  Dkt. 23, at 2 (Dec. 21, 2011).[2]  Subsequent tag-

---

[2] Unless otherwise specified, references to docket entries are to the docket in *In re Electronic Books Antitrust Litigation*, No. 1:11-md-2293 (S.D.N.Y.).

along actions, including *Gilstrap*, were transferred to this Court for coordinated or consolidated pretrial proceedings, pursuant to § 1407(a) and the Court's case management order. The case management order directed the class plaintiffs to "file a consolidated amended complaint for this action and any actions subsequently consolidated with it" (*id*. at 3), which class plaintiffs did on January 20, 2012. *See* Dkt. 47 (Jan. 20, 2012).

On April 11, 2012, State Attorney Generals from 16 states filed a *parens patriae* action in the Western District of Texas. *See State of Texas et al. v. Penguin Grp. (USA) Inc. et al.*, Case No. 1:12-cv-00324 (W.D. Tex. filed Apr. 11, 2012). Class plaintiffs identified this action as a "tag-along" (*see* Dkt. 120 (Apr. 12, 2012)) and, on April 18, 2012, the JPML issued a conditional transfer order under 28 U.S.C. § 1407, transferring the *parens patriae* action "to the Southern District of New York for the reasons stated in the order of December 9, 2011." MDL 2293, Dkt. 98, at 1. The States' action for injunctive relief and damages was thus consolidated with the class actions for the purpose of coordinated pretrial proceedings.[3]

On June 26, 2012, plaintiff States submitted a letter to the Court, consenting to a bench trial before the Court "on issues of liability and injunctive relief" and asking the Court to "enter an appropriate order permitting case No. 12-cv-3394 to proceed to trial on the same track as Case No. 12-cv-2826" as to "issues of liability and injunctive relief." *State of Texas et al. v. Penguin Grp. (USA) Inc. et al.*, Case No. 1:12-cv-03394, Dkt. 109, at 1. Apple explicitly consented to the States' request. *Id.* Plaintiff States noted that "issues related to damages can be the subject of further proceedings." *Id.* at 2. Thus, the States' case was bifurcated and trial was confined to

---

[3] While the JPML "may consolidate and transfer with or without the consent of the parties" *parens patriae* actions "for both pretrial purposes and for trial" (28 U.S.C. § 1407(h)), the JPML did not indicate that it was doing so here. Rather, it stated that it was transferring the action "to the Southern District of New York for the reasons stated in the order of December 9, 2011" (MDL 2293, Dkt. 98, at 1), which provided that the transfer was for "coordinated or consolidated ***pretrial*** proceedings" (MDL 2293, Dkt. 83, at 2-3) (emphasis added).

3

those issues overlapping with the Department of Justice's action for injunctive relief. *See id.* at 1-2; *see also* June 22, 2012 Hr'g Tr. 73:1-5 (deciding that "those parts of this litigation that require a jury trial and summary judgment practice" would be "split off" from the bench trial proceedings). Trial was entirely deferred in the class action, and class certification briefing was "untether[ed]" from the DOJ trial schedule. Oct. 26, 2012 Hr'g Tr. 59:17-60:10; *see also id.* at 54:2-5; June 22, 2012 Hr'g Tr. 73:1-5.

Following the trial and Court's July 10, 2013 opinion, there have been further coordinated and consolidated pretrial proceedings in the class and State actions. The Court found, over Apple's objections, that fact discovery closed in March 2013 (*see* Sept. 9, 2013 Hr'g Tr. 22:21-22), but consolidated expert discovery was undertaken by Apple and plaintiffs. *See* Dkt. 193 (July 6, 2012); Dkt. 380 (Aug. 13, 2013); Dkt. 473 (Dec. 9, 2013).[4] On October 23, 2013, class plaintiffs filed an amended consolidated class action complaint on behalf of only three class representatives, Shane Davis, Thomas Friedman, and Anthony Petru. *See* Dkt. 432. The remaining named plaintiffs are part of the *Petru* and *Gilstrap* actions originally filed in the Northern District of California. Apple filed an amended answer to this complaint, in which Apple "admit[ted] that venue is proper in this district for the purpose of consolidated pretrial proceedings, but denie[d] that venue in the Southern District of New York is proper once pretrial proceedings conclude." Dkt. 435 ¶ 34 (Nov. 4, 2013); *see also id.* at 33, Ninth Separate and Additional Defense (asserting that "the Southern District of New York is not the proper venue for trial" and that "once pre-trial proceedings conclude, the multidistrict panel must remand each transferred case that has not been previously terminated to the originating district for trial"). Full

---

[4] In submitting the Joint Initial Report, the parties agreed that "nothing in this Initial Report shall be construed to create, limit, or waive any rights, privileges, or defenses, including . . . any defense based on lack of personal jurisdiction or improper venue." Dkt. 193, at 2 (July 6, 2012).

briefing on class plaintiffs' motion for class certification was submitted on January 21, 2014, and expert discovery closed on January 31, 2014. Dkt. 473, at 2 (Dec. 9, 2013).

### III. These Actions Must Be Remanded To Their Original, Transferor Courts For Trial

#### A. Under 28 U.S.C. § 1407(a) and *Lexecon*, a transferee court has no power to retain an action for trial.

Under 28 U.S.C. § 1407(a), the JPML may transfer civil actions with common issues of fact "to any district for coordinated or consolidated pretrial proceedings." But "[e]ach action so transferred ***shall*** be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." *Id.* § 1407(a) (emphasis added). As the Supreme Court has observed, "[t]he Panel's instruction comes in terms of the mandatory 'shall,' which normally creates an obligation impervious to judicial discretion." *Lexecon*, 523 U.S. at 35. Thus, § 1407(a) "imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings.'" *Id*. at 28 (quoting 28 U.S.C. § 1407(a)).

In *Lexecon*, the Supreme Court struck down a "long-standing practice" whereby MDL transferee judges retained actions transferred to them pursuant to § 1407(a) for trial under the theory that doing so would promote efficient resolution of the claims. *Armstrong v. LaSalle Bank Nat'l Ass'n*, 552 F.3d 613, 615 (7th Cir. 2009). At the time, the JPML's rules sanctioned such self-assignments. *See Lexecon*, 523 U.S. at 32-33. The Supreme Court, however, concluded that the practice was barred by the plain language of § 1407(a) and that the JPML rule was invalid. *Id.* at 40. Regardless of whether "permitting transferee courts to make self-assignments would be more desirable than preserving a plaintiff's choice of venue," the Court held that § 1407(a) "categorically limits the authority of courts" to do so and thus establishes a right to remand once pretrial proceedings are completed. *Id.* at 40, 42.

5

It is, therefore, well-settled that a transferee judge has "no jurisdiction to conduct a trial in cases transferred solely for pretrial proceedings." Manual for Complex Litigation (Fourth), § 20.132 (2004); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liability Litig.*, 241 F.R.D. 435, 440 (S.D.N.Y. 2007) (granting in part a motion for class certification and explaining that "*Lexecon* requires this Court to return each case to its original district for trial after the pretrial phase has been completed"); *In re Worldcom, Inc. Secs. Litig.*, 2003 WL 23024454, at *1 (S.D.N.Y. 2003) (Cote, J.) (explaining that under § 1407, "action ha[d] not been transferred for all purposes, but only for pre-trial proceedings" and "[a]t the conclusion of those proceedings it will be transferred back to the federal court in California from which it was transferred").

### B.  Remand of these actions is appropriate, consistent with *Lexecon*.

As this Court's case management order recognizes, the actions remaining before the Court—the class actions by named plaintiffs Petru, Friedman, and Davis, and the State's action for damages—were transferred by the JPML to this Court "solely for pretrial proceedings" and were "consolidated only to that extent absent further order of this Court." Dkt. 23, at 2; *see also* MDL 2293, Dkts. 83, 98. The Court never entered an order consolidating the class actions and States' action (except insofar as it overlapped with the DOJ's liability case) for any purpose other than pretrial proceedings, nor could it in light of *Lexecon*'s holding that transferee courts lack such power. Accordingly, this Court retains jurisdiction under § 1407(a) only to conduct "coordinated or consolidated pretrial proceedings," and the currently pending actions that were transferred to this Court for such purposes must be remanded to their transferor districts upon the conclusion of such proceedings.[5]  *See Lexecon*, 520 U.S. at 28.

---

[5] An exception to *Lexecon's* mandate of remand exists where the parties issue a "clear and unambiguous" waiver of that right. *Armstrong*, 552 F.3d 613 (declining to find waiver of *Lexecon* right to remand where party sought remand two weeks before the pretrial order was due, despite having stipulated venue was proper and having

*(Cont'd on next page)*

Class plaintiffs' motion for class certification is currently pending before this Court, and remand of the class actions originally filed in the Northern District of California is appropriate after the Court issues a ruling on that motion. This Court's primary purpose, the coordination of consolidated pretrial discovery in the State and class actions, is complete. *See In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011) ("Coordinated fact and expert discovery . . . is among the 'primary purpose[s]' of multidistrict litigation." (internal citation omitted)). And while class plaintiffs have also filed a motion for summary judgment and *Daubert* motions, these motions present questions of law closely intertwined with trial proceedings and therefore are best decided by the court that will conduct the trial.[6] For example, class plaintiffs argue that the Court should exclude certain testimony by Apple's expert, Mr. Orszag, and instruct the jury consistent with that ruling regarding a range of permissible damages findings. *See* Mem. of Law in Support of Class Pls.' Mot. for Summ. J., Dkt. 424, at 4 ("if the Court were to limit" Mr. Orszag's testimony then "the Court could order that there is no controversy that the amount of overcharges is between $231,381,037.90 (Mr. Orszag's estimate) and $280,254,374 (Dr. Noll's estimate) and instruct the jury accordingly"). "[D]eterminations about the exclusion of expert testimony," however, "are best made after *in limine* motions are filed before the court that will actually oversee the trial." *In re State St. Bank*, 2011 WL 1046162, at *9. Thus, class plaintiffs' motion for summary

---

*(Cont'd from previous page)*

participated in setting a trial date); *see also In re Fosamax Prods. Liab. Litig.*, 2011 WL 1584584, at *1 (S.D.N.Y. Apr. 27, 2011) ("a transferee court lacks authority to conduct a trial of an MDL member case not originally filed in the transferee court without the consent of the parties"). Apple has not issued such a waiver.

[6] *See also* Opp. to Class Pls.' Mot. for Summ. J. at 4-6 (explaining that plaintiffs' motion for summary judgment is both procedurally improper and premature; it would violate the due process clause and Rule 23's prohibition against one-way intervention for this Court to rule on the motion before deciding class certification and providing notice to the putative class).

judgment and *Daubert* motions should be remanded for consideration by the transferor court. *See, e.g.*, *id.* at *1 (suggesting remand of summary judgment motions and motions to strike expert reports to transferor court); *In re Bridgestone/ Firestone, Inc., Tires Prods. Liab. Litig.*, 2002 WL 1046701, at *1 (S.D. Ind. May 17, 2002) (denying motion *in limine* seeking exclusion of evidence at trial "because the issue presented is more properly addressed by the transferor court at or before trial"). Even if the class plaintiffs' motion for summary judgment is deemed part of pretrial proceedings, remand may occur before such motion is decided at the JPML's discretion. *See* 28 U.S.C. § 1407(a).

Regardless, remand of the class actions **must** occur before April 11, 2014, when the parties are scheduled to submit their joint pretrial order as required by this Court's trial procedures. *See* Dkt. 380 (Aug. 13, 2013). At that time, pretrial proceedings will have "run their course," and it would be an exercise in futility for the parties to submit papers governing the conduct of a trial over which this Court has no jurisdiction. *See Lexecon*, 523 U.S. at 34 (finding that § 1407 "obligates" the JPML to remand "when, **at the latest**, [the coordinated or consolidated] pretrial proceedings have run their course" (emphasis added)). The States have not filed a motion for summary judgment. Thus, pending this Court's ruling on Apple's motion to dismiss the State's actions (Case No. 1:12-cv-03394, Dkt. 340), all that remains to be conducted in the State's damages action are such trial proceedings, including motion *in limine* practice, which is appropriately conducted by the transferor court.[7] Thus, that action is also ripe for remand before April 11, 2014 to the Western District of Texas for a damages trial.

---

[7] As Apple has previously explained, the States' *Daubert* motions are premature. *See* Apple Inc.'s Consolidated Mem. of Law in Opp. to Class Pls.' & Pl. States' Mots. to Exclude Expert Ops. Offered by Jonathan Orszag, Dkt. 540, at n.1, 33; Apple Inc.'s Mem. of Law in Opp. to Class Pls.' Mot. to Exclude Expert Ops. Offer by Joseph Kalt, Dkt. 548 at 1, n.1. To the extent those motions are treated as pending motions *in limine* for exclusion of expert

*(Cont'd on next page)*

## IV.     Conclusion

For the reasons stated herein, Apple respectfully requests that this Court issue a suggestion of remand to the JPML, recommending remand of the class actions and States' action back to their transferor districts—the Northern District of California and the Western District of Texas, respectively—as is required pursuant to 28 U.S.C. § 1407 and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

Dated:  February 21, 2014                         Respectfully submitted,

/s/  Theodore J. Boutrous, Jr.
Theodore J. Boutrous, Jr.

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous, Jr. (*pro hac vice*)
Daniel G. Swanson (*pro hac vice*)
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  213.229.7000

Cynthia E. Richman (*pro hac vice*)
1050 Connecticut Avenue NW
Washington, D.C. 20036
Telephone: 202.955.8500

O'MELVENY & MYERS LLP
Howard Heiss
Edward Moss
7 Times Square, Times Square Tower
New York, NY 10036
Telephone: 212.326.2000

*Attorneys for Defendant Apple Inc.*

---

*(Cont'd from previous page)*

witnesses at trial, those motions are appropriately decided by the trial court.  *See Bridgestone/ Firestone*, 2002 WL 1046701, at *1.

9