# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
)
IN RE ELECTRONIC BOOKS ANTITRUST )    No. 11-md-02293 (DLC)
LITIGATION                                                )    ECF Case
_____ )


**This Document Relates to:**

_____
)
**THE STATE OF TEXAS, et al.,**                    )
)
**Plaintiffs,**                    )
)    **No. 12-cv-03394 (DLC)**
**v.**                    )
)
**PENGUIN GROUP (USA) INC., et al.,**    )
)
**Defendants.**                    )
)
_____ )


**PLAINTIFF STATES' MEMORANDUM OF LAW IN OPPOSITION TO
APPLE INC.'S MOTION TO CERTIFY INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

# **TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT...............................................................................1

II.  ARGUMENT

     A.   Apple fails to establish the exceptional circumstances
          required to justify certification.......................................................1

     B.   The underlying order does not involve a controlling
          question of law for which there is substantial ground
          for difference of opinion...................................................................3

     C.   Certifying the underlying order would not materially
          advance the litigation.......................................................................6

     D.   The Court should exercise its discretion to deny certification....................7

III. CONCLUSION..................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                       **<u>Page(s)</u>**

*Anderson Grp., LLC v. City of Saratoga Springs,*
    No. 05–1369, 2008 WL 2064969 (N.D.N.Y. May 13, 2008)...................................7

*Carpenter v. City of New York*,
    11 Civ. 8414 (DLC), 2013 WL 6196968 (S.D.N.Y. Feb. 13, 2014)...................3, 7

*Coopers & Lybrand v. Livesay,*
    437 U.S. 463 (1978).........................................................................................4

*Flor v. BOT Fin. Corp.*,
    79 F.3d 281 (2d Cir. 1996)...............................................................................2

*Georgia v. Pennsylvania R. Co.*,
    324 U.S. 439 (1945).........................................................................................5

*Hollingsworth v. Perry,*
    133 S. Ct. 2652 (2013)...............................................................................3, 4, 5

*Illinois v. Abbott & Assocs.*,
    460 U.S. 557 (1983).........................................................................................5

*In re Adelphia Commc'ns Corp.,*
    No. 07 Civ. 9999 (NRB), 2008 WL 361082 (S.D.N.Y. Feb. 11, 2008)....................2

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
    216 F.R.D. 197 (D. Me. 2003)..........................................................................5

*In re Electronic Books Antitrust Litig.*,
    __ F. Supp. 2d. __, 2014 WL 1468122 (S.D.N.Y. Apr. 15, 2014)...................3,4,5,8

*In re Facebook, Inc. Sec. and Derivative Litig.*,
    __ F. Supp. 2d __, 2014 WL 988549 (S.D.N.Y. Mar. 13, 2014)........................2, 3, 4

*In re Methyl Tertiary Butyl Ether,*
    399 F. Supp. 2d 320 (S.D.N.Y. 2005).................................................................4

*In re NASDAQ Mkt. Makers Antitrust Litig.*,
    938 F. Supp. 232 (S.D.N.Y. 1996).....................................................................4

**Page(s)**

*In re Sept. 11 Litig.*,
No. 21 MC 97 (AKH), 2003 WL 222513325 (S.D.N.Y. Oct. 1, 2003).......................2

*In re Toys R Us Antitrust Litig.*,
191 F.R.D. 347 (E.D.N.Y. 2000)...................................................................................6

*Koehler v. Bank of Bermuda Ltd.*,
101 F.3d 863 (2d Cir. 1996)..........................................................................................2

*McNeil v. Aguilos*,
820 F. Supp. 77 (S.D.N.Y. 1993)..................................................................................7

*Miss. ex rel. Hood v. AU Optronics Corp.*,
134 S. Ct. 736 (2014)....................................................................................................5

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
71 F. Supp. 2d 139 (E.D.N.Y. 1999)........................................................................2, 7

*Scott v. Chipotle Mexican Grill*,
No. 12 Civ. 8333(ALC)(SN), 2013 WL 5782440 (S.D.N.Y. Oct. 25, 2013)..............6

*S.E.C. v. Gruss*,
No. 11 Civ. 2420, 2012 WL 3306166 (S.D.N.Y. Aug. 13, 2012)...............................3

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,
__ F. Supp. 2d __, 2013 WL 6301085 (S.D.N.Y. Dec. 5, 2013)................................7

*SPL Shipping Ltd. v. Gujarat Chemenix Ltd.*,
No. 06-CV-15375 (KMK), 2007 WL 1119753 (S.D.N.Y. Apr. 12, 2007)..................8

*Sussman v. I.C. Sys., Inc.*,
No. 12-CV-0181 (ER), 2013 WL 5863664 (S.D.N.Y. Oct. 30, 2013).........................4

*Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*,
964 F.2d 85 (2d Cir. 1992).............................................................................................2

*Williston v. Eggleston*,
410 F. Supp. 2d 274 (S.D.N.Y. 2006)…………………................................................5

**<u>Statutes</u>**

28 U.S.C. § 1292(b) ...................................................................................... *passim*

## I.      PRELIMINARY STATEMENT

Apple again seeks to delay the damages trial, this time by requesting certification for interlocutory appeal of the Court's April 15 Opinion denying Apple's Motion to Dismiss the States' Clayton Act *parens patriae* claims. Apple portrays its request as addressing a "case-dispositive question," and claims interlocutory review of the order will "save judicial resources by potentially avoiding the need for a costly trial" and prevent "burdening the Second Circuit with duplicative appeals on related issues." But Apple fails to meet the test for certifying a decision for immediate appeal under 28 U.S.C. § 1292(b), and in particular fails to demonstrate that there is a "substantial ground" for disagreeing with the Court's analysis. Instead, Apple merely repeats the arguments it has already made in support of the underlying motion. The Court has already recognized that "Apple cites no authority" to support these arguments. Raising these contentions yet another time not only belies Apple's purported enthusiasm for judicial efficiency, but also fails to establish the exceptional circumstances required for the Court to certify a question for interlocutory appeal and depart from the final judgment rule. Rather, Apple's current motion demonstrates once more that Apple's sole concern is further delaying the jury's determination of damages caused by Apple's illegal conspiracy. Apple's motion should be denied.

## II.      ARGUMENT

### A.      Apple fails to establish the exceptional circumstances required to justify certification.

Under 28 U.S.C. § 1292(b), a district court may certify an issue for interlocutory appeal when the underlying order "involves a controlling question of law as to which there is

1

substantial ground for difference of opinion" and "an immediate appeal . . . may materially advance the ultimate termination of the litigation." It is Apple's burden to demonstrate its request meets all these criteria, but the final decision remains within the Court's "unfettered discretion," and that decision is "unreviewable." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 145 (E.D.N.Y. 1999). Apple has not met its burden.

The Second Circuit has urged the district courts to "exercise great care" in granting a Section 1292(b) certification, *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992), and characterized appropriate certification by a district court as the "rare exception," because "it is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Moreover, "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam). *See also In re Sept. 11 Litig.*, No. 21 MC 97 (AKH), 2003 WL 222513325, at *1 (S.D.N.Y. Oct. 1, 2003) ("Federal practice is strongly biased against interlocutory appeals. Appeals from interlocutory orders prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions."). Accordingly, Apple cannot invoke this process to "provide early review even of difficult rulings in hard cases." *In re Facebook, Inc. Sec. and Derivative Litig.*, __ F. Supp. 2d __, 2014 WL 988549, at *2 (S.D.N.Y. Mar. 13, 2014) (quoting *In re Adelphia Commc'ns Corp.,* No. 07 Civ. 9999 (NRB), 2008 WL 361082 (S.D.N.Y. Feb. 11, 2008)). And

2

as this Court has noted, Section 1292(b) should be "narrowly construed." *Carpenter v. City of New York*, 11 Civ. 8414 (DLC), 2013 WL 6196968, at *12 (S.D.N.Y. Feb. 13, 2014).

Apple fails to demonstrate why the Court should allow it to deviate from standard appellate practice. Apple argues—just as in its underlying motion—that *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013), somehow changes the landscape of the States' well-established antitrust enforcement activity and nullifies the States' Clayton Act *parens patriae* authority. Alternatively, Apple asserts that the States must satisfy the requirements of Federal Rule of Civil Procedure 23 to avoid infringing Apple's due process rights. Apple offers the very same arguments as in its Motion to Dismiss, but nothing in the cases upon which Apple relies actually supports its position on the underlying questions of law. The Court has already rejected these misguided and unfounded arguments. *See In re Electronic Books Antitrust Litig.*, __ F. Supp. 2d. __, 2014 WL 1468122 (S.D.N.Y. Apr. 15, 2014)("April 15 Opinion"). Because Apple's Motion for Certification "consists entirely of assertions and precedent rejected" in the Court's April 15 Opinion, and simply "repeats arguments made in a motion to dismiss," Apple has not demonstrated the exceptional circumstances required for Section 1292(b) certification. *In re Facebook*, 2014 WL 988549, at *3 (citing *S.E.C. v. Gruss,* No. 11 Civ. 2420, 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012)).

**B.     The underlying order does not involve a controlling question of law for which there is substantial ground for difference of opinion.**

Apple has not shown that this matter concerns a controlling question of law for which there is substantial ground for difference of opinion. "A substantial ground for difference of opinion exists when (1) there is conflicting authority on the issue, or (2) the issue is particularly

3

difficult and of first impression for the Second Circuit." *In re Facebook*, 2014 WL 988549, at *12. The standard may also be met when there is "genuine doubt" about the Court's application of the appropriate legal standard, or where the order being considered conflicts with an order the same district court has previously given in response to the same question. *Id.* "The district court must analyze the strength of the arguments in opposition to the challenged ruling, and determine whether there is substantial doubt that the district court's order was correct." *In re Methyl Tertiary Butyl Ether,* 399 F. Supp. 2d 320, 322 (S.D.N.Y. 2005). It is not sufficient to merely describe a disagreement outside the Second Circuit. *In re NASDAQ Mkt. Makers Antitrust Litig.*, 938 F. Supp. 232, 235 (S.D.N.Y. 1996). And, standing alone, "the fact that an issue presents a question of first impression" for the Second Circuit would not establish substantial ground for difference of opinion. *Sussman v. I.C. Sys., Inc.*, No. 12-CV-0181(ER), 2013 WL 5863664, at *3 (S.D.N.Y. Oct. 30, 2013). Furthermore, it is not enough to argue merely that the question is dispositive of the case: "obtaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal and is not an 'exceptional circumstance' that 'justif[ies] a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Facebook*, 2014 WL 988549, at * 4 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)) (emphasis in original).

Apple's *Hollingsworth* argument does not give rise to a "substantial ground for difference of opinion." Apple's interpretation of that case is novel, but its reliance on the case is unavailing. *Hollingsworth* addressed the question of appellate standing when petitioners with "no official authority" to enforce a statute sought to defend its constitutionality on appeal in place of state officials who refused to do so. *Hollingsworth,* 133 S. Ct. at 2663. As the Court noted in its April

15 Opinion, the case is inapposite here, where the States' enforcement action furthers their "long recognized interest in protecting the health of their economies from antitrust injuries." April 15 Opinion, at *6 (citing *Georgia v. Pennsylvania R. Co.*, 324 U.S. 439, 451 (1945)). In order to assert that *Hollingsworth* "casts doubt" on the States' standing under the Clayton Act, Apple continues to assert—wrongly—that the States have not properly alleged an injury to their quasi-sovereign interests. But as the Court held, the States not only *alleged* such an injury, but proved such an injury at trial. *See* April 15 Opinion, at *5. It is not surprising that neither the Second Circuit nor the Supreme Court has yet addressed Apple's tenuous arguments about the implications of *Hollingsworth* on the States' authority to pursue antitrust damages, but that does not satisfy the test under section 1292(b). *See, e.g., Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006) (citations omitted). Here, the only difference of opinion is between Apple on the one hand, and the States (and this Court) on the other. That, too, is insufficient to warrant certification. *Id.* (The test for certification is not met where "the parties themselves disagree as to the interpretation of persuasive authority.")

Apple likewise falls short in arguing that there is substantial ground for difference of opinion on its alternative Rule 23 argument. As the States argued in their opposition to Apple's Motion to Dismiss, and as the Supreme Court has recognized, a state's *parens patriae* lawsuit is not a class action. *See Miss. ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014). Further, the Supreme Court has expressly recognized that Clayton Act *parens patriae* cases are not subject to Rule 23's requirements. *See Illinois v. Abbott & Assocs.*, 460 U.S. 557, 573 n. 29 (1983). *See also In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 204 (D. Me. 2003) ("Rule 23 is inapplicable to *parens patriae* actions, because Attorneys

5

General are specifically authorized by statute to sue on behalf of natural persons residing in their respective states."); *In re Toys R Us Antitrust Litig.,* 191 F.R.D. 347, 351 (E.D.N.Y. 2000). When the arguments a party proffers have been consistently rejected by the courts, it is difficult to conceive that substantial ground for difference of opinion exists. *See Scott v. Chipotle Mexican Grill,* No. 12 Civ. 8333 (ALC) (SN), 2013 WL 5782440, at *1 (S.D.N.Y. Oct. 25, 2013) (denying section 1292(b) certification when courts had routinely rejected the arguments presented by the moving party).

Blithely ignoring this clear authority, Apple relies primarily on Black's Law Dictionary, claiming that the definition of "class action" therein provides "strong support" for an argument that has never been endorsed by a single court. Apple's attempt to twist that definition so that the States' action "functionally" falls within its penumbra does not constitute a substantial ground for difference of opinion on the issue.

### C.  Certifying the underlying order would not materially advance the litigation.

Finally, to warrant certification of the Court's April 15 order Apple must show that "an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Apple's arguments again miss the mark.

Certification of this order and a subsequent ruling in Apple's favor—on either the States' standing or Apple's Rule 23 argument—would not be dispositive of the remainder of the States' case, as civil penalties would remain to be assessed. In any event, Apple has proffered no reason to believe that the Court of Appeals would view its arguments any differently than has this Court. Where "the chances are overwhelming that [the moving party] would not prevail in an interlocutory appeal, certification would far more likely delay the case than hasten its

6

disposition." *McNeil v. Aguilos*, 820 F. Supp. 77, 80 (S.D.N.Y. 1993) (Sotomayor, J.). Thus, "certification in this instance is likely to result in the kind of piecemeal, interminable litigation that is the bane of those jurisdictions that foolishly lack a final judgment rule." *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, __ F. Supp. 2d __, 2013 WL 6301085, at *1 (S.D.N.Y. Dec. 5, 2013). Substantial resources have already been expended by the parties and the Court. Apple has been found liable, damages discovery is complete, and the parties, despite Apple's best efforts, are preparing for a damages trial to occur in a matter of months. Allowing certification of the April 15 order will delay this case, not advance its conclusion. *See Carpenter v. City of New York,* 11 Civ. 8414 (DLC), 2013 WL 6196968, at *12 (S.D.N.Y. Feb. 13, 2014)(denying certification when "[d]iscovery [was] complete; a joint pretrial order [was] due this week, and a trial [was] scheduled for approximately one month").[1]

### D.  The Court should exercise its discretion to deny certification.

Finally, this Court can and should exercise its discretion to deny certification. Even if Apple had made the significant leap required to demonstrate the exceptional circumstances essential to certification, which it has not, "[t]he legislative history, congressional design and case law indicate that district court judges retain unfettered discretion to deny certification of an order for interlocutory appeal . . . ." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71

---

[1] The damages trial is currently subject to an administrative stay pending the Second Circuit's review of Apple's Emergency Motion for a stay pending appeal. *See* ECF No. 513. The States expect Apple's motion will be denied and the administrative stay lifted in short order. However, even if a stay is granted, and certifying this interlocutory appeal would arguably therefore entail no "marginal" delay, Apple does not meet the standard: "It is not enough that the interlocutory appeal would not delay the action; it must 'advance the time for trial or ... shorten the time required for trial." *Anderson Grp., LLC v. City of Saratoga Springs,* No. 05–1369, 2008 WL 2064969, at *1 (N.D.N.Y. May 13, 2008).

F. Supp. 2d 139, 162 (E.D.N.Y. 1999). *See also SPL Shipping Ltd. v. Gujarat Chemenix Ltd.*, No. 06-CV-15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007). Apple's mere disagreement with the April 15 Opinion, ungrounded by any relevant authority or persuasive arguments, does not raise substantial doubt that the Court's ruling was correct, and reversal of the order on appeal is unlikely. Apple's motion for certification reveals itself for what it really is: one more in a series of attempts by Apple to avoid accountability and delay a damages trial at which a jury will determine the extent to which Apple's illegal conduct harmed American consumers.

### III.    Conclusion

For the reasons set forth above, the Court should deny Apple's request for certification of the Court's April 15 Opinion for interlocutory appeal.

8

Dated: May 2, 2014

Respectfully Submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JOHN SCOTT
Deputy Attorney General for Civil Litigation

JOHN T. PRUD'HOMME
Chief, Consumer Protection Division

KIM VAN WINKLE
Chief, Antitrust Section

By:
Eric Lipman (EL-6300)
Gabriel Gervey (*pro hac vice*)
David Ashton (*pro hac vice*)
Kayna Stavast-Piper (*pro hac vice*)
Assistant Attorneys General
P.O. Box 12548
Austin, TX 78711-2548
Phone:  512-463-1563
Fax:  512-320-0975
Kayna.Stavast-Piper@texasattorneygeneral.gov

**Attorneys for the State of Texas**
*On Behalf of the Plaintiff States*

9

GEORGE JEPSEN
Attorney General of Connecticut

MICHAEL E. COLE
Chief, Antitrust Department

By:
W. Joseph Nielsen (*pro hac vice*)
Gary M. Becker (GB-8259)
Assistant Attorneys General
55 Elm Street
Hartford, CT 06106
Phone:  860-808-5040
Fax:  860-808-5033
Michael.Cole@ct.gov
Joseph.Nielsen@ct.gov
Gary.Becker@ct.gov

**Attorneys for the State of Connecticut**
*On Behalf of the Plaintiff States*

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

ERIC J. STOCK
Chief, Antitrust Bureau

By:
Robert L. Hubbard (RH 3821)
Assistant Attorney General
Antitrust Bureau
120 Broadway, 26th Floor
New York, NY  10271
(212) 416-8267
robert.hubbard@ag.ny.gov

**Attorneys for the State of New York**
*On Behalf of the Plaintiff States*

10